## J. I. HASS, Inc., v. LOCAL UNION No. 17 OF BROTHERHOOD OF PAINTERS, DECORATORS, AND PAPER HANGERS OF AMERICA et al.

(District Court, D. Connecticut. July 11, 1924.)

### No. 1706.

Trade unions ☞3—Rule of painters' union held unlawful restraint of competition.

A rule of the Brotherhood of Painters, Decorators, and Paper Hangers of America. Obligatory on its local unions, provides that, where a contractor shall take a contract to perform work outside of his home territory as defined by the union, he shall be obliged to pay local workmen the rate of wages, and otherwise conform to the union rules and regulations in force in his home territory, if more favorable to the workmen than the local rates and rules, and forbidding local workmen from working for such contractor unless such rule is observed, under penalty of fines and expulsion from the union. *Held*, that such rule is unlawful, as an unreasonable restraint of competition, in violation of the rights of contractors and the public. in that it practically makes it impossible for an outside contractor to bid on local work, and a foreign contractor, having a contract within the territory of a local union, *held* entitled to an injunction to restrain its enforcement by such union.

In Equity. Suit by J. I. Hass, Inc., against Local Union No. 17 of The Brotherhood of Painters, Decorators, and Paper Hangers of America and others. On motion by defendants to dismiss bill. Denied.

Stoddard, Goodhart, Wetzler & Persky, of New Haven, Conn., for plaintiff.

Omar W. Platt, of Milford, Conn., for defendants.

THOMAS, District Judge. The bill alleges that plaintiff is a New Jersey corporation engaged as a contractor in the business of painting and decorating in New Jersey and other states; that the Brotherhood of Painters, Decorators, and Paper Hangers of America, which is the national union, and of which defendant is a local member, adopted in 1922 a rule, now in effect, that, in the event that a contractor shall accept a contract for work to be performed outside of his home territory

as defined by the union, such contractor shall be expected and obliged to pay the local workman the rate of wages and in other respects observe and conform to the union rules, regulations, and conditions prevailing in the contractor's home territory, if such rate of wages, rules, regulations, and/or working conditions are more favorable to the workman than those wages, rules, regulations, and/or working conditions prevailing in the place in which the work is to be done, and that said rule was adopted, approved, and ratified and is now in force in said Local Union No. 17.

It is also alleged that, under the provisions of other rules of said defendant union, violations of rules of said union by its members are punishable by fine and expulsion; that, in the event a contractor shall engage or continue in his employ a workman who is guilty of such violation, other union employees of said contractor will be forbidden to work for him, although they may be perfectly satisfied with their wages, hours, and working conditions; and that said workman will be obliged to cease working for said contractor because of the fear of fines and expulsion as aforesaid. It is also alleged that, because of conditions in the building trades, the workman who is expelled will be deprived of an opportunity to make his living at his trade, and that plaintiff is compelled, because of such conditions, to employ only union labor; that the scale of wages prevailing in Jersey City, N. J., where plaintiff's home office is located, is $10 per day for 8 hours and 5 days a week. The scale of wages for Greenwich, Conn., and vicinity, where defendant is located, is $9 for 8 hours and 5½ days a week.

It is further alleged that on December 12, 1923, plaintiff took a contract to paint and decorate certain buildings of the Conde Nast Company at Greenwich, Conn., and proposed to employ upon said work members of said defendant union and to pay them the union scale prevailing in Greenwich, Conn.; that plaintiff advertised for union painters to go to work on said job under the conditions prevailing in Greenwich, and received applications for the job from a number of workmen who were willing to accept it, but that subsequently, under orders from the walking delegate of the defendant union, said applicants refused to go to work unless the plaintiff was willing to employ them for the wages and under the working conditions prevailing in Jersey City.

Plaintiff prays that the rule of the union above set forth be declared illegal, unjust, discriminatory, and in unlawful restraint of trade, and that the defendant be enjoined from taking any action to enforce it, and that it be commanded to notify certain named persons that they are at liberty to enter plaintiff's services.

To this complaint defendant filed a motion to dismiss, setting forth the insufficiency of the allegations therein stated

The allegations of the bill clearly show that the effect of the rule in question is to make it difficult, if not impossible, for an outside contractor to compete with a local contractor in the business of painting and decorating, wherever the rate of wages, etc., is more favorable to the workman in the contractor's home territory than at the place where the work is to be done, to the injury of not only the outside contractor, but also of the public of the place where the work is to be done. This

result has been accomplished by a combination of the defendants to prevent, by means of threats and intimidations, persons who otherwise would be willing to do so from working for such outside contractor, except on terms that make it difficult, if not impossible, for them to compete with local contractors. That no threats of force have been used is immaterial, for threats of fine and expulsion from the defendant union are just as effectual as threats of force, where, as here, expulsion would mean the loss by the person expelled of the opportunity to make a living at his trade.

The injury thus inflicted on the outside contractor and the public cannot be justified, since no legitimate interest of the defendants would be furthered by the operation of the rule in question. It was clearly designed for the sole purpose of excluding outside competition in the home market on the part of outside contractors, and since the plaintiff has been injured by the operation of the rule he is entitled to an injunction enjoining the defendants from enforcing it. The same conclusion was recently reached by Vice Chancellor Backes in New Jersey Painting Co. v. Local Union No. 26, Brotherhood of Painters, Decorators, and Paper Hangers of America (N. J. Ch.) 122 Atl. 622, where the same rule was under consideration, as well as in Barker Paint Co. v. Brotherhood of Painters, Decorators, and Paper Hangers of America, Supreme Court, District of Columbia, decided April 8, 1924.

The fact that, at the time the plaintiff entered into its contract with the Conde Nast Company, the rule in question was in force, is immaterial as it does not appear that plaintiff knew of it. Besides, plaintiff's right to relief is not dependent upon the existence of the contract. The injury to him consists in the discrimination against him in favor of local contractors, and this discrimination would exist equally in the absence of such a contract.

The motion to dismiss is therefore denied. Ordered accordingly.