## BARKER PAINTING CO. v. LOCAL NO. 734, BROTHERHOOD OF PAINTERS, DECORATORS, AND PAPERHANGERS OF AMERICA, et al.

Circuit Court of Appeals, Third Circuit.
August 12, 1929.

No. 3912.

Merritt Lane, of Newark, N. J., for appellant.

Henry Carless, of Newark, N. J. (Morris Hillquit, of New York City, of counsel), for appellee.

Before WOOLLEY and DAVIS, Circuit Judges, and RELLSTAB, District Judge.

WOOLLEY, Circuit Judge. The plaintiff appealed from a final decree of the District Court for the District of New Jersey, entered before yet in harmony with the decision of this court in Barker Painting Co. v. Brotherhood, 15 F.(2d) 16, dismissing its bill which challenged the validity of rules prescribed by sections 132 and 133 of the Broth-

erhood's Constitution. (See rules in case cited.)

■ The same plaintiff made a like attack by its bill filed in the District Court for the Eastern District of Pennsylvania in the case just mentioned wherein the same questions were raised and decided by this court though on appeal from an interlocutory decree denying a preliminary injunction. Of course we should not be disposed, through the medium of this case, to retry the other case and in effect reverse its decision if the two cases are based on substantially the same facts and this one, therefore, raises no new question of law or no new aspect of an old question. Realizing this, counsel for the plaintiff selected expressions from our opinion in the Pennsylvania case in which he found an implication that we had rather summarily and without full consideration disposed of that case because on appeal from a decree merely refusing a preliminary injunction and, pointing to the difference between the two decrees—there interlocutory, here final—represented that the evidence, which in that case we said (as a caution against commitment on another state of facts) was not sufficient to invoke the extraordinary remedy of injunction, is supplied in this case by evidence which does justify such a remedy, and, thus setting up a new case, asked for a reconsideration of the law and reversal of our previous position.

We heard the argument at length. On our study of the record we of course found the facts in this case different from those in the Pennsylvania case as to place of work, personnel, dates, etc., but similar in character and action, and found no new facts which differentiate this case from the other or raise any new question of law. The same questions run through both cases, as indeed they do in all the reported cases on the subject, whether decided on interlocutory or final decree. New Jersey Painting Co. v. Local No. 26, 95 N. J. Eq. 108, 122 A. 622, reversed 96 N. J. Eq. 632, 126 A. 399, 47 A. L. R. 384; Hass, Inc., v. Local Union No. 17 (D. C.) 300 F. 894; Marshall v. Brotherhood, Common Pleas, Philadelphia, not reported; Douglas & Bros., Inc., v. Mallette, Superior Court, Rhode Island, not reported; Barker Painting Co. v. Brotherhood (C. C. A.) 15 F.(2d) 16, certiorari denied 273 U. S. 748, 47 S. Ct. 449, 71 L. Ed. 871; Barker Painting Co. v. Brotherhood, 57 App. D. C. 322, 23 F.(2d) 743, certiorari denied 276 U. S. 631, 48 S. Ct. 324, 72 L. Ed. 741. While we should be more than satisfied to have this controversy between employer and organized labor finally decided by the higher court, we are constrained, until

then, to stand by the decision which we made not casually but after serious study and, we confess, much mental disturbance.

■ Aside from this position, we decline to take up the case on the merits because of another situation which counsel for the plaintiff was passing in silence when his attention was called to it from the bench and around which counsel for the defendants trod lightly. It is this.

The Barker Painting Company, a corporation of New York with its "home office" in New York City, had a contract for painting at Somerville, New Jersey. The job was about thirty per cent. completed when the defendant union called off its men by force of the offending rules which require a contractor to pay the wage rate of his home district or that of the locality of the work, whichever is higher. The Barker Company filed the bill in equity in this case stating the facts and alleging unlawfulness of the rules because violative of sundry provisions of the federal constitution and federal laws. The trial judge issued a preliminary injunction, mandatory in character in that it restrained the workmen from observing the union rules and from not returning to work. All the men save one obeyed the injunction, returned to work and completed the job. Whether the job was completed before the end of the final hearing on June 29, 1925, about four months after the issuance of the preliminary injunction, is not disclosed by the record but, on the plaintiff's concession, it was completed before the trial court handed down its opinion on April 14, 1926 [(D. C.) 12 F.(2d) 945], and entered the final decree on March 23, 1928, dissolving the preliminary injunction and dismissing the bill.

Thus it is clear the questions which the plaintiff has raised are moot because, having been saved from injury throughout the work by the preliminary injunction, it has sustained no damage by the defendants' abortive enforcement of its rules. While as a matter of fact, or, perhaps, a matter to be inferred from the averments of the bill or from their past practices, the defendants propose to continue to enforce their rules, it does not follow necessarily that they will enforce them against the plaintiff or that the plaintiff will continue in business, or that, continuing in business, it will suffer by the rules' enforcement. It is just here that two odd things occurred, one that, though it suffered no damage through the operation of the Brotherhood rules, the plaintiff wants us to review this case and reverse our decision in the former case for its protection in the fu-

ture, and the Brotherhood, not satisfied with one pronouncement by this court sustaining its rules, remained silent (until aroused by the court) as to the moot aspect of the case, with the evident desire that its rules be further strengthened by another decision to the same effect.

Declining to yield to the desire of either party, we affirm the decree of the District Court, not on the merits but for the reasons stated.