M. O. BURNETT, Appellant, v. N. M. STARK & Co. Appellees.

**Injunction:** DISSOLUTION: RECOVERY OF COSTS AND EXPENSES. Where an injunction is the sole remedy sought the defendant may recover on the bond his costs and expenses, including attorney's fees incurred in obtaining a dissolution of the temporary writ; but where the injunction is auxiliary to the main action and no expenses are incurred except such as are incident to a defense of the case as a whole, with dissolution of the writ on final hearing, no attorney's fees can be recovered by defendant. Thus where plaintiff sought to restrain defendant, an employee, from making a contract in his own name, and if made to require an assignment of the same, and to enjoin defendant from carrying it into effect except as such employee, injunction was not the sole remedy; and dissolution of the temporary writ on final hearing did not entitle defendant to recovery of attorney's fees and expense for loss of time.

*Appeal from Polk District Court.*—HON. W. H. MC-
HENRY, Judge.

MONDAY, JUNE 10, 1912.

ACTION on an injunction bond to recover damages for loss of time and attorney fees expended in defending an injunction suit and obtaining a dissolution of a temporary injunction. At the close of plaintiff's evidence

there was a directed verdict for the defendant.    Plaintiff appeals.—*Affirmed.*

*Dale & Harvison* for appellant.

*Henry & Henry* for appellees.

EVANS, J.—There was a previous suit between the parties, wherein the plaintiff herein was defendant and the present defendant, Stark & Co., was plaintiff.    The present action is upon the injunction bond filed in that suit.    No claim is made here for any other damages on the injunction bond than for attorney fees and loss of time in the defense of such former suit.    In such former suit a temporary injunction was issued and was dissolved one month later upon the final hearing of the case upon its merits.    On the date of the trial a formal motion to dissolve the temporary writ of injunction was filed.    It may also be assumed that the submission of the case upon the merits carried with it the submission of the motion.    In no other sense was there any hearing upon the motion. The trial court in this case dismissed the petition of the plaintiff herein on the ground that he was  not entitled to recover attorney fees and loss of time in a mere defense of the main suit in the injunction proceeding, and that no expense was shown to have been incurred in obtaining the dissolution of the writ of injunction, except the expense of defending the main suit.

It is well settled that where an injunction is the sole relief sought, and a temporary writ is executed and afterwards dissolved, then the defendant in such injunction suit is entitled to recover upon the injunction bond his necessary costs and expenses in obtaining such dissolution including attorney fees.    On the other hand, where an injunction is not the sole relief sought, but is auxiliary and external to the main action, then, in an action on the injunction

bond, attorney fees can not be allowed for defending the injunction suit as a whole. In such a case, if no expense is incurred in obtaining the dissolution of the injunction except such as is incident to the defense of the case as a whole, and a dissolution is had upon a final hearing, no recovery of attorney fees can be had. *Langworthy v. McKelvey,* 25 Iowa, 48; *Carroll County v. Iowa Railroad Land Co.,* 53 Iowa, 685; *Leonard v. Capital Insurance Co.,* 101 Iowa, 482; *Thomas v. McDaneld,* 77 Iowa, 300; *Ford v. Loomis,* 62 Iowa, 586; *Weierhauser v. Cole,* 132 Iowa, 14; *Railway v. Whitney,* 143 Iowa, 506; *Colby v. Meservey,* 85 Iowa, 555; *Williams v. Ballinger,* 125 Iowa, 410.

As to the general statement of the legal rule in such a case there is no substantial difference between the parties. The application of the rule presents the point of departure between them. On the part of the appellant, it is contended that, in the former suit between the parties, injunction was the sole relief sought; whereas, on the part of appellee, it is claimed that the remedy by injunction was auxiliary only and that the merits of the controversy between the parties remained to be tried regardless of a particular form of relief. The pleadings in the former case are before us. The petition of plaintiff therein alleged that Burnett (defendant therein) was one of its employees, and had been such for some years prior thereto, in the business of bridge building, and that while so in such plaintiff's employment he had entered into negotiations with Iowa county for a contract in his own name, in violation of his duty toward his employer, and that he had either signed a contract, or was about to do so. Such petition contained the following prayer: "Wherefore, the plaintiff asks that the defendant be enjoined and restrained from making a contract in his individual name and otherwise than in the name of, and on behalf of, this plaintiff, with said Iowa county; that if the said contract has been in fact made,

he be required to assign to this plaintiff all his seeming interest therein as expressed in said contract; that he be restrained from himself carrying out, or attempting to carry out individually, the said contract, except as he may do so under express directions or instructions from this plaintiff; and that plaintiff is given such other and further relief as equity may require, with costs." It also asked a temporary writ of injunction restraining the defendant from making a contract with Iowa county, in his own name and otherwise than in the name of the plaintiff. Such petition was filed January 21, 1907. On January 31, 1907, Burnett filed an answer, wherein he averred that he had entered into such contract, and he set forth a copy thereof. He also denied that he was an employee of the plaintiff therein at the time such contract was entered into, and averred that the plaintiff had discharged him, and denied that he had violated in any manner any of the rights of the plaintiff, and denied that the plaintiff had any right or equity in such contract. On March 1st a temporary writ of injunction was served upon Burnett. On March 20th the case was heard upon the merits, and on April 1st a decree was entered dismissing the petition and dissolving the injunction. We think it must be said that the case could have been tried upon its merits without the issuance of an injunction at all. That is to say, issues were made by the pleadings which were triable even though no injunction had been issued or prayed. If the real merits of such case had been with the plaintiff therein, the trial court, under the prayer for general equitable relief, could have awarded relief in the form of subrogation or an accounting for the profits and perhaps in other ways, as by requiring a formal assignment. The action was actually pending for some time prior to the issue of the writ of injunction. A large part of the attorney fees claimed for in the petition herein were incurred in services rendered in the suit prior to the issuance of the writ. And a still

larger part thereof was incurred after the dissolution of the writ and upon appeal to this court. The case in this respect seems to be fairly ruled by *Carroll County v. Iowa Railroad Land Co.*, and *Leonard .v. Capital Insurance Co.*, cited above.

It will be noted that the case does not involve the right of the plaintiff herein to recover such damage, if any, as resulted to him otherwise than in the form of cost and expense of defense.

We reach the conclusion that the trial court properly directed the verdict.—*Affirmed.*