LOCAL UNION NO. 368 OF BROTHER-HOOD OF PAINTERS, DECORATORS, AND PAPERHANGERS OF AMERICA et al. v. BARKER PAINTING CO.

Court of Appeals of District of Columbia.

Submitted December 8, 1927. Decided February 6, 1928.

No. 4588.

1. Injunction ⊚=252(8)—Attorney fees for obtaining dissolution of injunction pendente lite, whether by interlocutory motion or final decree, may be recovered on injunction bond (Code, §§ 479a, 479b).

Under Code, § 479b, reasonable attorney fees incurred in obtaining dissolution of wrongful injunction pendente lite, whether by means of an interlocutory motion for such purpose or by final decree after trial of cause, may be recovered on injunction bond filed under section 479a.

2. Injunction ⊚=252(8)—Attorney fees held necessarily incurred in obtaining dissolution of injunction pendente lite by trial of cause, and hence recoverable on injunction bond (Code, § 479b).

Where plaintiff sought same relief by injunction pendente lite as by permanent injunction, and temporary writ was granted after full hearing on pleadings and evidence, plaintiff could presume that court would not sustain interlocutory motion to dissolve it, so that attorney fees were necessarily incurred by defendants in obtaining its dissolution by trial of cause, which was only other method, and hence were recoverable on injunction bond under Code, § 479b.

3. Appeal and error ⊚=71(3)—Decree denying recovery on injunction bond for attorney fees incurred in obtaining dissolution of injunction pendente lite held final and appealable (Code, § 479b).

Decree denying recovery on injunction bond, under Code, § 479b, for attorney fees incurred in obtaining dissolution of injunction pendente lite on trial of cause, held final and appealable.

Appeal from the Supreme Court of the District of Columbia.

Suit by the Barker Painting Company, a corporation, against Local Union No. 368 of the Brotherhood of Painters, Decorators, and Paperhangers of America and such Brotherhood. From a decree denying recov-

ery on an injunction bond for attorney fees incurred in obtaining the dissolution of an injunction pendente lite, defendants appeal. Reversed and remanded.

See, also, 57 App. D. C. 322, 23 F.(2d) 743.

F. P. Sheehy and V. A. Sheehy, both of Washington, D. C., for appellants.

W. C. Sullivan, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. The Barker Painting Company was plaintiff below, and the Brotherhood of Painters, Decorators, and Paperhangers of America, a national labor union, and Local Union No. 368, an affiliated local labor union, were defendants. In its bill of complaint the plaintiff recited certain regulations relating to the employment of union labor, which the defendants had adopted in their constitution and were enforcing upon their members by disciplinary measures. The plaintiff charged that the regulations were illegal, and, if enforced, would inflict irreparable injury upon plaintiff as an employer of labor. Plaintiff prayed for a permanent injunction to restrain the defendants from enforcing the regulations in question against it, and also for a temporary injunction similarly to restrain and enjoin the defendants pendente lite. A rule to show cause was issued to defendants upon plaintiff's prayer for an injunction pendente lite; the defendants filed an answer to the rule opposing the granting of such an injunction; the court heard the cause upon the bill, answer, and supporting affidavits, and entered an injunction pendente lite as prayed in the bill. An injunction bond was filed by the plaintiff under section 479a, D. C. Code, conditioned to make good to the defendants all damages suffered or sustained by them by reason of the injunction, if wrongfully or inequitably sued out; also stipulating that, if the injunction should be dissolved, the court should in the same case give judgment upon the bond for such damages. The injunction pendente lite thereupon became effective, and continued in force until the trial of the cause, when the court found against the plaintiff upon the issues raised by the pleadings, and dismissed the bill. This decree was affirmed upon appeal, and the cause was remanded for further proceedings with reference to the injunction bond. 57 App. D. C. ——, 23 F.(2d) 743. The defendants then claimed judgment in the lower court for damages upon the bond, and contended that their recovery should include such reasonable attorney fees as were incurred by them in obtaining a dissolution of the injunction pendente lite. The lower court entered a decree against this claim, and denied any recovery upon the bond for attorney fees. The defendants then brought the present appeal.

[1] The claim of defendants for the recovery of attorney fees upon the injunction bond is based upon section 479b, D. C. Code, enacted April 19, 1920 (41 Stat. 565), which reads as follows:

"Sec. 479b. In any proceeding in the Supreme Court of the District of Columbia or any special term thereof to recover damages upon a bond or undertaking given to obtain a restraining order or preliminary or pendente lite injunction the court, in assessing damages to be recovered thereunder, may include such reasonable counsel or attorney fees as the party aggrieved or damaged by such restraining order or injunction may have been put to or incurred in obtaining a dissolution thereof."

Prior to the date of this enactment the federal court decisions, applicable also to the District of Columbia, uniformly disallowed attorney fees as damages recoverable upon an injunction bond. Oelrichs v. Williams, 15 Wall. 211, 21 L. Ed. 43; Tullock v. Mulvane, 184 U. S. 497, 22 S. Ct. 372, 46 L. Ed. 657; Missouri, etc., R. Co. v. Elliott, 184 U. S. 530, 22 S. Ct. 446, 46 L. Ed. 673; Lindeberg v. Howard (C. C. A.) 146 F. 467, 8 Ann. Cas. 709. This rule was followed in some of the states; but many of the state courts held that attorney fees, incurred in procuring the dissolution of an injunction improperly or wrongfully issued, are recoverable as damages upon the injunction bond. 14 R. C. L. p. 486; Littleton v. Burgess, 16 Wyo. 58, 91 P. 832, 16 L. R. A. (N. S.) 50–55.

The present question is, of course, governed by section 479b, D. C. Code, supra. That section provides that in assessing damages upon a bond given to obtain an injunction pendente lite, the court may include such reasonable attorney fees as the damaged party may have incurred in obtaining a dissolution of the injunction. The lower court denied such a recovery in this case because of the fact that the dissolution of the injunction was not obtained by means of an interlocutory motion filed for that purpose, but resulted only from the decree entered after a final trial of the cause. We think

this ruling erroneous, for it imports into the statute a restriction not to be found in either its language or intent. The enactment provides that the obligors in the bond shall, if the injunction be wrongfully allowed, be liable to the damaged party for his reasonable attorney fees incurred in obtaining a dissolution of the injunction. Such a dissolution may be obtained by means of an interlocutory motion for that purpose, or by final decree in the cause. The statute does not specify which method must be pursued, but provides in general terms for the recovery of attorney fees incurred in obtaining a dissolution. It is plain that the legislative purpose was to add attorney fees to the damages otherwise recoverable upon the bond, because of the wrongful suing out of a temporary injunction, and it is unreasonable to believe that this purpose was concerned with the question whether the dissolution of the wrongful injunction be obtained by interlocutory or final decree.

[2] In the present case the plaintiff sought the same relief by the injunction pendente lite as by the permanent injunction, except in respect to the time when they should severally become effective. Accordingly the former, if not dissolved, would have secured to plaintiff all the relief sought by means of the latter. The temporary writ was granted by the lower court after a full hearing upon pleadings and evidence, and the plaintiff was entitled to act upon the presumption that the court would not sustain an interlocutory motion to dissolve it. The only other method of bringing about its dissolution was by a trial of the cause. The attorney fees for this service, therefore, were necessarily incurred in obtaining its dissolution.

In Youngs v. McDonald, 56 App. Div. 14, 67 N. Y. S. 375 (aff. 166 N. Y. 639, 60 N. E. 1123), it is held that, where the court continued the temporary injunction, notwithstanding the opposition of the defendant, and the defendant was thereby compelled to try the cause in order to obtain a dissolution thereof, an allowance should be made for counsel fees incurred upon the trial. The court said:

"The court, however, continued the injunction. There was thus imposed upon the defendant the obligation of trying the action in order to procure a dissolution of the injunction which had been continued in force until the final judgment. No motion subsequently made to vacate that injunction would have been effectual, as the parties to the action were bound by the adjudication that the injunction should continue until the

24 F.(2d)—56

final judgment in the action. The defendant had done everything he could to avoid the continuance of this injunction. The only way in which he could get rid of it was by a trial of the action."

"Where the injunction is the sole relief sought by the bill and a preliminary injunction is dissolved upon the final hearing of the cause upon the merits, the authorities are directly in conflict as to whether counsel fees incurred in procuring such a dissolution may be recovered. Upon the one hand it is held that the services rendered and the expense incurred are in the general defense of the action and are for the purpose of ridding the defendant not of the injunction but of the suit itself, and that as they thus result from the action and not from the injunction, they are not recoverable. Upon the other hand it is held that, although such services are rendered in the general defense of the action, they may nevertheless be recovered since services rendered in the general defense of the cause, where the injunction is the sole relief sought, are precisely the same as those which would be rendered upon a motion to dissolve. The latter view is supported by a slight preponderance of authority." 2 High on Injunctions (4th Ed.) § 1686a.

See, also, McGraw v. Little, 198 Ala. 553, 73 So. 915; Littleton v. Burgess, 16 Wyo. 58, 91 P. 832, 16 L. R. A. (N. S.) 49; Cook v. Chapman, 41 N. J. Eq. 152, 2 A. 286; Loofborow v. Shaffer, 29 Kan. 415; Burnett v. Stark Co., 155 Iowa, 588, 136 N. W. 670; Richardson Lubricating Co. v. Bedell, 209 Mo. App. 243, 237 S. W. 192; Creek v. McManus, 13 Mont. 158, 32 P. 675; Pelkey v. Surety Co., 143 Minn. 176, 173 N. W. 435; Porter v. Hopkins, 63 Cal. 53; Joplin Gas Co. v. City of Joplin, 182 Mo. App. 422, 167 S. W. 660; 16 L. R. A. (N. S.) 60–70.

We are of the opinion that the language of the act and the weight of authority in analogous cases justify the conclusion that the attorney fees incurred by defendants in the trial of the cause below, whereby the injunction pendente lite was terminated or dissolved, are recoverable as damages upon the injunction bond; for without such a trial the injunction would have continued in force, and the restrictions wrongfully imposed upon defendants by it would actually have become permanent.

[3] We have considered appellee's contention that the decision appealed from is not a final decree, and therefore not appealable; but we do not agree with this view.

The decree in question is reversed, with costs, and the cause is remanded for further proceedings not inconsistent herewith.