994

PAGE COMMUNICATIONS ENGI-
NEERS, INC., Appellant,

v.

Robert T. FROEHLKE, Secretary of
the Army, et al.

PAGE COMMUNICATIONS ENGI-
NEERS, INC.

v.

Robert T. FROEHLKE, Secretary of the
Army, et al., Appellants.

National Surety Corporation, Defendant
on counterclaim,

Federal Electric Corporation,
Defendant-Intervenor.

Nos. 72–1104, 72–1105.

United States Court of Appeals,
District of Columbia Circuit.

Argued Jan. 31, 1973.

Decided March 12, 1973.

W. Stanfield Johnson, Washington, D. C., with whom Eldon H. Crowell, Washington, D. C., and Robert H. Rawson, Jr., Shaker Heights, Ohio, were on the brief, for appellant in No. 72–1104 and appellee in No. 72–1105.

Anthony J. Steinmeyer, Atty., Dept of Justice, with whom Harold H. Titus, Jr., U. S. Atty., and Walter H. Fleischer, Atty., Dept. of Justice, were on the brief, for appellants in No. 72–1105 and appellees in No. 72–1104. Harold H. Titus, Jr., U. S. Atty., John A. Terry and William H. Schweitzer, Asst. U. S. Attys., entered appearances for appel-

lants in No. 72-1105 and appellees in No. 72-1104.

David V. Anthony, Washington, D. C., with whom William H. Butterfield, Washington, D. C., was on the brief, for Federal Electric Corp., defendant-intervenor.

Before LEVENTHAL and ROBB, Circuit Judges, and CHARLES RICHEY,[*] United States District Judge of the United States District Court for the District of Columbia.

PER CURIAM:

The Department of the Army awarded Federal Electric Corporation a contract to perform field engineering and other work required for an integrated communications system in the Republic of South Vietnam. Page Communications Engineers, Inc., an unsuccessful offeror, brought an action against the Department and the Secretary of the Army to enjoin any performance pursuant to that award. Federal Electric intervened in the action. Upon motion by Page the District Court on November 3, 1970 issued a preliminary injunction prohibiting any steps toward performance of the contract for a period of forty-five days, or until the General Accounting Office ruled on a protest of the award filed by Page, whichever event occurred earlier. The court required Page to post a bond conditioned upon the payment of "all damages not to exceed the sum of one hundred thousand & 00/000 dollars ($100,000.00) suffered or sustained by reason of wrongfully and inequitably suing out the injunction".

The defendants appealed to this court from the order granting a preliminary injunction. On December 4, 1970 the order was summarily reversed and the case was remanded for further proceedings. The order of reversal was stayed for fifteen days.

On December 16, 1970 the Comptroller General issued his decision denying the Page protest.

On December 23, 1970 the District Court denied Page's motion for an extension of the preliminary injunction. Thereafter, Page filed an amended complaint and the government and Federal Electric answered. The government also filed a counterclaim for damages in the amount of $300,000 alleged to have been "sustained as a result of the preliminary injunction herein". The District Court granted Page's motion to dismiss the counterclaim for damages in excess of the face amount of the injunction bond. The government and Federal Electric then moved for summary judgment and Page moved for summary judgment on two of the twelve causes of action alleged in its amended complaint. On September 16, 1971 the District Court granted the defendants' motions for summary judgment and denied the Page motion. The District Court also dismissed the government's counterclaim and declined to assess damages against Page under the bond.

Page appeals from the orders granting the defendants' motions for summary judgment and denying Page's motion. The government appeals from the order dismissing its counterclaim and rejecting its claim for damages.

In support of its orders on the motions for summary judgment the District Court recited in detail the facts which it found to be undisputed and determinative. (J.A. 343-353). Without recounting these facts it is enough to say that in our judgment the orders of the District Court on the motions were correct. Our conclusion is reinforced by the candid statement of Page in its brief (p. 7, footnote 3) that

Although Page disagreed with the District Court's treatment of the summary judgment motions * * * Page was satisfied with the practical outcome and would not have appealed, had not the Army persisted in its attempt to impose liability upon Page.

Accordingly, we turn to the court's refusal to assess damages.

---

[*] Sitting by designation pursuant to 28 U.S.C. § 292(a).

The District Court filed a memorandum opinion explaining its reasons for refusing to assess damages against the plaintiff. Citing Russell v. Farley, 105 U.S. 433, 26 L.Ed. 1060 (1881), and Greenwood County v. Duke Power Co., 107 F.2d 484, 489 (4th Cir. 1939), cert. denied, 309 U.S. 667, 60 S.Ct. 608, 84 L. Ed. 1014 (1940), the court held:

> * * * this Court has the discretion, in the interests of equity and justice, to rule that no liability be imposed on the injunction bond * * * *

Continuing, the court said in part:

> This was not a frivolous lawsuit, and plaintiff has raised some solid questions. * * * While the award to Federal Electric is justified as having a reasonable basis, the procedures followed herein were not so clearly defined and free of ambiguity as not to raise doubts as to the fairness of this procurement.
>
> This Court was persuaded to grant the preliminary injunction after a lengthy evidentiary hearing (and thus to afford time for meaningful review by the Comptroller General) more by questions raised by the Army evaluation records than by plaintiff's allegations. At this hearing the Army did not present and the Court was unable to consider a comparative cost study which later became significant in the Comptroller General's determination and in this Court's decision not to reinstate the preliminary injunction. This Court might not have issued the preliminary injunction had defendants at that time made the same strong showing, including the comparative cost study, which was made subsequently to the Comptroller General. In the light of those circumstances, it is inequitable to hold plaintiff to liability on the injunction bond.

The record discloses that before the evidentiary hearing on the motion for preliminary injunction the government agreed in open court to produce all "records relating to the evaluation of proposals submitted" by the various offerors, and all "documents setting forth the basis for award to Federal Electric Corp." The comparative cost study described by the District Court as "significant" was among the requested documents, but was not produced at the hearing. Later, the study was furnished to the General Accounting Office.

In Russell v. Farley, 105 U.S. 433, 435, 26 L.Ed. 1060 (1881), relied upon by the District Court, the plaintiff obtained an injunction upon giving a bond conditioned upon payment to the defendants of " * * * such damages as they * * * may sustain by reason of the writ, if the court finally decide that the party was not entitled thereto * * * * " The circuit court thereafter held that in part the injunction should not have issued, but the court declined to award damages. The circuit court's decree was affirmed. The Supreme Court said (105 U.S. at 441–442, 26 L.Ed. 1060):

> Since the discretion of imposing terms upon a party, as a condition of granting or withholding an injunction, is an inherent power of the court, exercised for the purpose of effecting justice between the parties, it would seem to follow that, in the absence of an imperative statute to the contrary, the court should have the power to mitigate the terms imposed, or to relieve from them altogether, whenever in the course of the proceedings it appears that it would be inequitable or oppressive to continue them * * * * In the course of the pears that it would be inequitable or oppressive to continue them traordinary security ought not to be retained as a basis of further litigation between the parties; that the suit has been fairly and honestly pursued or defended by the party who was required to enter into the undertaking, and that it would be inequitable to subject him to any other liability than that which the law imposes in ordinary cases. In such a case it would be a perversion, rather than a

furtherance, of justice to deny to the court the power to supersede the stipulation imposed.

The government says Russell v. Farley is not controlling, first because the injunction issued in that case was never entirely dissolved, and second because Rule 65(c), F.R.Civ.P.[1] is "an imperative statute" which mandates the posting of a bond and thereby deprives the court of discretion to refuse to award damages on the bond if it develops that an injunction was wrongfully issued. We do not agree.

■ Although Rule 65(c) required a bond here, it does not follow that the District Court was bound to award damages on the bond, without considering the equities of the case. The Rule did not make judgment on the bond automatic, upon a showing of damage. On the contrary, the court in considering the matter of damages was exercising its equity powers, and was bound to effect justice between the parties, avoiding any result that would be inequitable or oppressive for either party. The Rule was not intended to negate the court's duty in this regard. Thus, we hold that the court had discretion to refuse to award damages, in the interest of equity and justice. This conclusion is consistent with the provision of the Rule which gives the court discretion to fix bond in a nominal amount; clearly the Rule does not contemplate that a defendant who is wrongfully enjoined will always be made whole by recovery of damages.

■ We think the District Court did not abuse its discretion in declining to assess damages. As the court said, this "was not a frivolous lawsuit"; indeed we made it clear in our unreported opinion reversing the injunction order that we did "not say that the competing con-siderations would, on balance, necessarily preclude preliminary or final injunctive relief * * * * " (J.A. 61). The good faith of Page cannot be doubted. Moreover, it appears that the injunction might not have issued if the government had timely filed the comparative cost study, an important and relevant document. In light of all these circumstances we think the district judge was correct in holding that it would be inequitable and a perversion of justice to hold Page to liability in damages.

The judgment is affirmed.

---

1. Rule 65(c) Security. No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained. No such security shall be required of the United States or of an officer or agency thereof.

The provisions of Rule 65.1 apply to a surety upon a bond or undertaking under this rule.