**H & R BLOCK, INC., Plaintiff-Appellee Cross Appellant,**

**v.**

**George R. McCASLIN, d/b/a the Tax Man, Defendant-Appellant Cross Appellee.**

No. 76–2686

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Nov. 4, 1976.

Jay M. Sawilowsky, Augusta, Ga., for defendant-appellant.

David E. Hudson, Augusta, Ga., for plaintiff-appellee.

Before WISDOM, GEE and TJOFLAT, Circuit Judges.

PER CURIAM:

Plaintiff, H & R Block, Inc. (Block), is a Missouri corporation engaged in the tax return preparation business in Georgia and throughout the nation. Before defendant, George McCaslin, came to Augusta, Georgia, to become Block's City Manager for the Augusta area, he signed the contract at issue, which provided, *inter alia,* that em-

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

ployee McCaslin agreed to refrain for a period of five years from competing with Block by establishing or engaging in any business for the preparation of tax returns. Block fired McCaslin in 1975, after he refused to accept a new contract, and McCaslin entered the tax return preparation business in the Augusta area, opening one of several offices two doors from Block's main office. McCaslin recruited a number of Block employees, and had access to a Block Policy and Procedure Manual which apparently covers most of the aspects of running a tax return preparation business. Block sued to enjoin McCaslin's business, and after posting a $50,000 bond, obtained a preliminary injunction. At the later hearing, however, the district judge determined, with the aid of an advisory jury, that the covenant against competition was void for two reasons. First, five years was an unreasonably long period of time for a restrictive covenant of that type to run. Second, the covenant was unnecessarily broad in that it prohibited defendant from working in any capacity for a tax preparation business, however minor. The judge also found that Block had sued in good faith, and since there is no liability for damages resulting from a suit for an injunction unless the injunction was obtained maliciously and without probable cause, the judge discharged Block from its liability on the injunction bond. We affirm.

McCaslin appeals from that portion of the judgment which relieved Block and its surety from their liability on the injunction bond because Block allegedly could not have had any ground to believe that the covenant not to compete was enforceable. Further, McCaslin contends that he deserves reimbursement for damages sustained because of the wrongful issuance of the temporary injunction.

■ McCaslin's assertions fail. The awarding of damages pursuant to an injunction bond rests in the sound discretion of the court's equity jurisdiction. *Russell v. Farley*, 105 U.S. [15 Otto] 433, 441–42, 445, 26 L.Ed. 1060 (1882); *Page Communications Engineers, Inc. v. Froehlke*, 155 U.S.App.

D.C. 1, 475 F.2d 994, 997 (1973). Numerous extant Georgia cases dealing with covenants not to compete could create a sincere belief that the instant provision was acceptable, as the trial judge himself demonstrated by granting the preliminary injunction and noting that plaintiff had shown it was likely to prevail on the merits. Georgia courts have upheld time limits equivalent to, and even greater than, five years. *See, e. g., Shirk v. Loftis Bros. & Co.*, 148 Ga. 500, 97 S.E. 55 (1918) (four years); *Burdine v. Brooks*, 206 Ga. 12, 55 S.E.2d 605 (1949) (ten years); *Nelson v. Woods*, 205 Ga. 295, 53 S.E.2d 227 (1949) (five years). There seems to be little doubt, and appellant apparently does not contend otherwise, that the territorial prohibition (twenty-five miles from the Block office) is reasonable under Georgia law. *See, e. g., Preferred Risk Mutual Ins. Co. v. Jones*, 233 Ga. 423, 211 S.E.2d 720 (1970) (twenty-five miles); *Spalding v. Southeastern Personnel*, 222 Ga. 339, 149 S.E.2d 794 (1966) (thirty miles); *Ogle v. Wright*, 187 Ga. 749, 2 S.E.2d 72 (1939) (fifty miles). Finally, there can be honest disagreement about whether or not the wording of the covenant prevents McCaslin from working "in any capacity" for a competitor. Block does not deny, though McCaslin implies otherwise, that Georgia law holds unreasonable an employment contract which prohibits the employee, upon leaving such employment, from obtaining employment with a competitor in any capacity (for example, janitor, bookkeeper). *Dunn v. Frank Miller Associates, Inc.*, 237 Ga. 266, 227 S.E.2d 243 (1976); *Dixie Bearings, Inc. v. Walker*, 219 Ga. 353, 133 S.E.2d 338 (1963). The real question is whether the actual language of the instant provision forbids McCaslin from working "in any capacity" for a competitor, or instead merely prevents him from entering the tax preparation business. The provision states that the employee shall not "solicit, accept or in any way establish or engage in any business for the preparation of tax returns . . . .." Even the district judge had difficulty interpreting this language, for he completely reversed his initial determination, found in the preliminary in-

junction order, that this was not a blanket prohibition against working in any capacity for a competing tax return preparation business. No less can we expect that Block might also have been unsure about the actual effect of the words, though it bears some responsibility for adopting them. Though the preliminary injunction effectively prevented operation of McCaslin's business for over a year, it was certainly not an abuse of discretion for the judge to find the suit had been brought in good faith. Further, a consideration of the equities might justifiably have led him to the informal conclusion that a year's prohibition was not unfair in the circumstances presented.

 Block appeals from that portion of the judgment holding the covenant not to compete void, and denying a five-year permanent injunction. Aided by the findings of an advisory jury, the trial judge found the covenant unreasonable. That decision is not clearly erroneous.

AFFIRMED.