COALITION FOR LEGAL SERVICES, et al., Plaintiffs,

v.

LEGAL SERVICES CORPORATION, Defendant.

Civ. A. No. 83–3005.

United States District Court, District of Columbia.

Oct. 26, 1984.

Eric R. Glitzenstein, Public Citizens Litigation Group, Washington, D.C., for plaintiffs.

D. Clifford Crook, II, Washington, D.C., for defendant.

Barbara Gordon, Asst. U.S. Atty., Washington, D.C., for intervenor.

## MEMORANDUM AND ORDER

AUBREY E. ROBINSON, Jr., Chief Judge.

The matter presently before the Court began with a complaint and motion for temporary restraining order filed by the Coalition for Legal Services (Coalition). The Coalition, Plaintiffs in this action, contended that the Defendant Legal Services Corporation (Corporation), violated the Government in the Sunshine Act (Sunshine Act), 5 U.S.C. § 552b(e), by not providing at least seven (7) days actual notice to the public of its October 13, 1983 meeting concerning critical policy changes. The Defendant opposed the motion for temporary restraining order arguing that there had been sufficient public announcement of the meeting. A temporary restraining order was entered by Judge Barrington D. Parker on October 12, 1983. Plaintiffs have now filed a motion for summary judgment based upon the same allegation of a Sunshine Act violation. Defendant opposes a summary judgment and argues that the Corporation is entitled to a "declaration of rights" with respect to the manner in which it must announce its meetings.

## STATEMENT OF FACTS

On September 16, 1983, the *Federal Register* published notice that the Corporation would hold a meeting of its Board of Directors on October 4, 1983 in Washington, D.C. 48 Fed.Reg. 41,672 (1983). The notice indicated that the agenda for that meeting would include consideration of several major policy changes. Specifically, the Board was to consider changes in (1) the criteria for determining eligibility to receive the agency's legal assistance, (2) the procedures regarding the denial of refunding to recipient organizations and (3) the regulation of membership fees and dues paid by local legal services programs to bar

associations and other professional groups. These three proposals had been the subject of notice and comment rulemaking and had generated considerable interest and response from the public. Also scheduled for discussion was a new "instruction" from the Corporation to local legal services organizations regarding the extent to which Corporation funds were to be used to involve the private bar in the provision of legal services to the poor. This "instruction" had not been the subject of notice and comment rulemaking; the October 4, 1983 meeting would have been an opportunity for the public to render comment on the proposed "instruction." Further, this meeting was to be the public's last chance to influence the Board's decision on the other policy proposals concerning the delivery of legal services to the poor.

The meeting scheduled for October 4, 1983 was cancelled on Monday, October 3, 1983. Notice of the cancellation appeared in the *Federal Register* one day after the scheduled meeting, on Wednesday, October 5, 1983. The cancellation indicated that no new date, time or place had been set for the Board's consideration of the proposed policy changes. The next day, Thursday, October 6, 1983, a second identical notice was received by the Office of the Federal Register and scheduled for publication in the Wednesday, October 12, 1983 issue of the *Federal Register.* On the same day, October 6, 1983, the Corporation submitted a notice rescheduling the October 4, 1983 meeting to Thursday, October 13, 1983. Instead of Washington, D.C., the meeting was to be held at 8:00 a.m. in Salt Lake City, Utah. Notice of the rescheduled date, time and place appeared in the Wednesday, October 12, 1983 issue of the *Federal Register.* 48 Fed.Reg. 46,468 (1983). While Defendant maintains that the second notice of cancellation was published in error, in fact, such a notice did appear in the *Federal Register* on Tuesday, October 11, 1983. 48 Fed.Reg. 46,130 (1983). The relatively long delay from submission to publication of these two notices was due to the three-day weekend for Columbus Day. On the day following published notice and the day

of the rescheduled meeting, Thursday, October 13, 1983, the *Federal Register* contained a "correction" announcing that the October 11, 1983 notice stating that no new date, time or place had been set for the meeting was a duplicate of the October 5, 1983 notice and should not have been published.

The confusion surrounding notice to the public through the *Federal Register* is compounded by the fact that many persons receiving the publication by mail subscription receive it with at least one day's delay. Thus, many subscribers would have received the issue containing the second cancellation notice on October 12, and therefore, been misled since the meeting had already been scheduled to go forward the next day; these subscribers would have received the issue containing notice of the 8:00 a.m. meeting on the day the meeting was to take place, October 13, 1983.

Although publication in the *Federal Register* is not an exclusive means for communicating notice of Sunshine Act meetings to the public, it assumes special importance in this instance since the Corporation chose not to take steps it had routinely followed in the past to inform the public of its meetings. In the past the Corporation had (1) mailed notice of meetings to members of the press and (2) directly furnished notice to interested groups. In its opposition to summary judgment the Corporation argues that it had no duty to take these steps. However, the Corporation does have a duty to reasonably and fully inform the public of its meetings. The avenues used in the past had helped the agency fulfill its duty and, with respect to this meeting, might have countered the reliance on the *Federal Register* announcements.

Moreover, while not exclusive, the contradictory notices which appeared in the *Federal Register* are at least illustrative of the climate of confusion which surrounded notifying the public of the meeting, cancellation and rescheduling. For example, the Defendant claims to have had notices of the rescheduled meeting date, October 13, 1983 meeting placed on its public bulletin boards on October 6, 1983. However, there is no indication that the cancellation notices, posted on October 3, were ever removed. Therefore, persons perusing the bulletin boards could have read the cancellation notice, logically ceased to look further and therefore missed the notice which rescheduled the Board meeting.

It was under these circumstances that the Coalition filed a Motion for Temporary Restraining Order on October 12, 1983. The motion was heard and granted by Judge Barrington D. Parker on that date. The temporary restraining order was scheduled to expire on October 22, 1983 but was extended for an additional ten (10) days by this Court. At a status hearing held Tuesday, October 25, 1983, the Court learned that the Defendant would give at least seven (7) days notice to the public and hold its meeting on November 7, 1983 in San Francisco California. Sufficient notice was given; the meeting was held and well attended by the public. Ultimately, the meeting was had, without question, in accordance with the provisions of the Sunshine Act.

## DISCUSSION

■ "In general, a case becomes moot where the activities for which an injunction is sought have already occurred and cannot be undone." *Monzillo v. Biller*, 735 F.2d 1456, 1459 (D.C.Cir.1984). Since the meeting upon which this action was predicated has been held in accordance with the statute, this controversy is effectively moot. Remaining for the Court's consideration is the disposition of the $1,000 security bond posted by Plaintiffs. The security bond was ordered pursuant to Fed.R.Civ.P. 65(c), which provides, in relevant part:

No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the Court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.

In its determination whether the $1,000 injunction bond is to be returned to Plaintiffs or whether liability damages are to be awarded against the bond to Defendant, the Court must consider whether, under the circumstances, the Defendant was "wrongfully enjoined or restrained" from holding its meeting on October 13, 1983.

■ Limiting consideration to this issue, the Court notes that Fed.R.Civ.P. 65(c) requires a bond "in order to ensure that the plaintiff will be able to pay all or at least some of the damages that the defendant incurs from the preliminary injunction if it turns out to have been wrongfully issued." *Coyne Delany Co. v. Capital Development Board of the State of Illinois,* 717 F.2d 385 (7th Cir.1983); *Page Communications Engineers, Inc. v. Froehlke,* 475 F.2d 994 (D.C.Cir.1973). Conversely, when an injunction has been justifiably entered, the injunction bond should be discharged and returned to the party who posted it. With this in mind, the Court will consider the merits of Plaintiffs' complaint to the extent necessary to determine whether or not the injunction was improvidently entered. The issue is therefore correctly phrased by Plaintiffs as "whether Judge Parker correctly determined that the Legal Services Corporation acted inconsistently with the Sunshine Act, 5 U.S.C. § 552b, by giving the public inadequate notice that an important meeting of the Corporation's Board of Directors had been rescheduled from October 4, 1983 in Washington, D.C., to October 13, in Salt Lake City, Utah."

■ The Sunshine Act requires seven days reasonable notice to the public of meetings such as the one involved here. Specifically, the statute requires that

> the agency shall make public announcement, at least one week before the meeting, of the time, place, and subject matter of the meeting.... Such announcement shall be made unless a majority of the members of the agency determines by a recorded vote that agency business requires that such meeting be called at an earlier date, in which the agency shall

make public announcement ... at the earliest practicable time.

5 U.S.C. § 552b(e)(1). Similarly, the Corporation's regulations implement the Sunshine Act and provide that public announcement shall be made of every meeting "at least seven calendar days before the meeting" unless agency business requires a meeting on fewer days notice. 45 C.F.R. § 1622.4 (1983).

The Corporation argues that at least seven days notice was provided. The facts demonstrate otherwise. The Corporation did not "fully inform" the public of the October 13 meeting even assuming that there were notices of the rescheduled information on the appropriate public bulletin boards. The Court notes that the Corporation had not previously handled meeting announcements with only posted notices. Given the recent postponement of this particular meeting and the importance of the issues to be covered, more, not less, announcement was called for.

Alternatively, the Corporation argues that it met all of the requirements for shortened notice under 5 U.S.C. § 552b(e)(1) and 45 C.F.R. § 1622.4(b), this provision in the Sunshine Act and the corresponding regulation allows the agency the flexibility to hold meetings within very short periods of time when "agency business requires." However, the very language of the statute and regulation indicates that the clause was intended to ensure the flexibility to make those business decisions which must be made within time periods so short that seven days advance notice to the public is impossible. Moreover, "[l]egislative history indicates that this 'escape clause' allowing for shorter notice *is not to be relied upon routinely but should be primarily used to deal with emergency, late-breaking items.*" Berg & Klitzman, *An Interpretative Guide to the Government in the Sunshine Act* 48 (1978). In fact, if an agency may reschedule a meeting for reasons not based upon an emergency situation requiring swift agency decision, then the Sunshine Act loses much of its force. Sensibly, Congress

could not have given the public the entitlement to the "fullest practicable information regarding the decisionmaking processes of the Federal Government," P.L. No. 94–409, § 2, and then in the same penstroke taken that entitlement away by giving the agency the broad "escape clause" which Defendant claims.

Finally, the Court notes that there was nothing about these agenda items which prevented seven days notice to the public in the first instance. While the Corporation justifiably wished to have the matters on its agenda settled, there is nothing on the record to support a claim, nor is a claim made, that agency business "required" an immediate meeting. Therefore, the Court finds that the Defendant violated the Sunshine Act by not providing the public at least seven days advance notice of its October 13, 1983 meeting. Publication in the *Federal Register* was the method relied upon by the Corporation to notify the public of the change in meeting date, time and place. The *Federal Register* notices provided confusing and inadequate notice of the October 13, 1983 meeting. An announcement sufficiently in advance of the next meeting date was necessary in order to clear up the confusion. The temporary restraining order was tailored to the situation and therefore enjoined Defendant from holding its meeting "unless it provided at least seven (7) days actual notice by publication and circulation of a notice in the Federal Register." Therefore, the Court finds that Plaintiffs brought the suit in good faith and the injunction was justifiably entered. Plaintiffs' motion for summary judgment will be granted and the injunction bond discharged.

The Court further finds that, contrary to Defendant's contentions, the Court has not been called upon to decide the publication and notice rules for the corporation. Therefore, Defendant's counterclaim for a declaratory judgment presents no "case or controversy." Defendant asserts that the Court must confront the issue whether publication in the *Federal Register* at least seven actual days in advance of *any* meeting is mandated by the Sunshine Act. Plaintiffs have not contended that notice of the Corporation's meeting must in every instance appear in the *Federal Register* seven days in advance. Plaintiffs sought to enjoin only the October 13, 1983 meeting until there had been seven days notice to the public. The issue in this case has never been as Defendant alleges; for the foregoing reasons, Defendant's counterclaim shall be denied.

An appropriate Order accompanies this Memorandum.

### ORDER

In accordance with the Memorandum entered this date, it is by the Court this 26th day of October, 1984,

ORDERED, that Plaintiffs' Motion for Summary Judgment be and hereby is GRANTED; and it is

FURTHER ORDERED, that Defendant's Counterclaim be and hereby is DENIED; and it is

FURTHER ORDERED, that the injunction bond, in the amount of One Thousand Dollars ($1,000.00) shall be returned to Plaintiffs forthwith.