**Shelton TAYLOR and Gloria Taylor, Appellants,**

v.

**Talley FRENKEL, a minor, by her next friend, Ruth FRENKEL, Appellee.**

**Nos. 84–111, 84–112.**

District of Columbia Court of Appeals.

Submitted Sept. 10, 1985.

Decided Nov. 4, 1985.

lants. We find no error and affirm the trial court's order.

## I

Donald Taylor and Gloria Taylor, husband and wife, owned a house on Seventh Street, N.W. Pursuant to a divorce settlement in 1974, Mrs. Taylor obtained her husband's one-half interest in the house for a term of years, which was to vest on April 11, 1985, in their children, Shelton, Cheryl, Darryl, and David Taylor. In 1979 Gloria Taylor obtained a loan of $25,000 from Abell Investment Company which was secured by a second deed of trust on the house. Soon thereafter Mrs. Taylor's note was purchased by Ruth Frenkel on behalf of her minor child, Talley Frenkel.

Gloria Taylor eventually missed some payments and defaulted on the note. When Frenkel instituted foreclosure proceedings, Mrs. Taylor and her four children filed this suit against Frenkel, Abell Investment Company, and the two trustees on the deed of trust.[1] In their complaint the plaintiffs sought a declaratory judgment that the deed of trust was null and void, a permanent injunction against the threatened foreclosure, and other relief, including damages and attorney's fees.

On the day the complaint was filed, the parties entered into a written stipulation by which Frenkel agreed not to foreclose on the house so long as the plaintiffs posted a cash bond in the amount of $333.00 per month, to be deposited in the registry of the court. This stipulation was approved by Judge Thompson of the Superior Court[2] and filed with the clerk. For the next six months the plaintiffs posted the required monthly bond. When the payments stopped, however, Frenkel foreclosed on the deed of trust. Frenkel's motion for summary judgment was later granted; an appeal from that judgment was dismissed

Shelton Taylor filed a brief pro se.

Kenneth J. Loewinger and Lisa J. Dessel, Washington, D.C., were on the brief for appellee.

Before PRYOR, Chief Judge, and NEWMAN and TERRY, Associate Judges.

TERRY, Associate Judge:

The only issue before us in these appeals is whether the trial court erred in granting appellee's motion to assess costs and attorney's fees against a bond posted by appel-

---

1. The trustees were eventually dismissed as defendants. Abell Investment Company has filed bankruptcy proceedings and is not a party to this appeal. Frenkel is the only appellee.

2. Judge Thompson's signature, together with the date, appears on the face of the document immediately below the handwritten word "Approved."

by this court on August 17, 1982, in *Taylor v. Frenkel,* No. 82–445.[3]

Meanwhile, on January 28, 1982, Frenkel filed a motion to assess costs and attorney's fees against the bond posted by the plaintiffs. They responded by filing three motions of their own: (1) a "motion for judgment," (2) a motion for default judgment, (3) and a motion to refund the money in the registry of the court, which by then had reached $1,998. Judge Greene denied all three of these motions, and a week later he granted Frenkel's motion for costs and attorney's fees, awarding Frenkel $2,098, the total amount of the bond posted (*i.e.,* six payments of $333 each, plus $100 as security for costs). Shelton Taylor and Gloria Taylor both filed notices of appeal. On January 9, 1985, a motions division of this court summarily affirmed Judge Greene's denial of the plaintiffs' three motions, but denied summary affirmance with respect to the award of costs and attorney's fees. Thus all that is left for us to decide is the validity of that award.

## II

The trial court granted Frenkel's motion for attorney's fees and costs on the authority of D.C.Code § 15–111 (1981), which provides:

> In a proceeding ... to recover damages upon a bond or undertaking given to obtain a restraining order or preliminary or pendente lite injunction, the Court, in assessing damages to be recovered thereunder, may include such reasonable counsel fees as the party damaged by the restraining order or injunction may have incurred in obtaining a dissolution thereof.

Appellants contend that this provision does not apply here because the trial court did not impose the bond but merely "approved" an agreement between the parties, which did not provide for the recovery of counsel fees or costs in the event of a

wrongful suit. They maintain, therefore, that the trial court erred in awarding costs and attorney's fees under section 15–111. They cite no cases in support of their argument, and we have found none. We conclude that as a matter of policy it must be rejected.

Super.Ct.Civ.R. 65(c) provides in part:

> No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the Court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.

The purpose of such a bond requirement is to protect parties against whom an injunction is sought from wrongful or vexatious suits. *See, e.g., Citizens for a Better Environment v. Village of Elm Grove,* 472 F.Supp. 1183, 1184 (E.D.Wis.1979); *Margolies v. Encounter, Inc.,* 42 N.Y.2d 475, 479, 368 N.E.2d 1243, 1245, 398 N.Y.S.2d 877, 880 (1977). The bond requirement is "a deterrence to potentially great misuse of power ... [and it] serves to make more preliminary injunctions available by removing the danger of injury to the defendant that might otherwise go uncompensated." D. DOBBS, REMEDIES § 2.10, at 107 n. 10 (1973) (citation omitted).

Appellants sought an injunction to enjoin Frenkel from foreclosing on the note on which Gloria Taylor had defaulted, but they agreed to a stipulation by which Frenkel would refrain from foreclosure on the condition that appellants and their co-plaintiffs post bond in the amount of $333 per month. Judge Thompson approved and signed the stipulation. Although the court did not "issue" an injunction, the parties were bound by their stipulations; if Frenkel had breached the agreement, she would have been liable for· damages and subject to other judicial sanctions. *See Gabrielian v. Gabrielian,* 473 A.2d 847, 850 (D.C.

---

**3.** Various other motions and appeals were filed and decided, none of which are pertinent here. *See, e.g., Taylor v. Frenkel,* No. 82–578; *Taylor v.*

*First American Title Co.,* 477 A.2d 227 (D.C. 1984).

1984); *Brown v. Brown,* 343 A.2d 59, 61 (D.C.1975). Thus we conclude that, in construing D.C.Code § 15–111, the court-approved agreement to stay foreclosure proceedings on appellants' property should be treated the same as a court-issued injunction. Were we to hold otherwise, the purposes of posting a bond would not be served, and there would have been no reason for Frenkel to agree to the stipulation.

Moreover, in the interests of judicial economy and efficient judicial administration, stipulated agreements and settlements are highly favored. *Autera v. Robinson,* 136 U.S.App.D.C. 216, 218, 419 F.2d 1197, 1199 (1969). If appellants' argument were accepted, a full evidentiary hearing would always be demanded by any defendant before the granting of a temporary restraining order or preliminary injunction, for otherwise the defendant would lose the right to collect damages against the bond, should he ultimately prevail on the merits. We think it would be contrary to public policy to deny a defendant the right to assess damages on the bond merely because it was posted pursuant to an agreement between the parties, which was approved by the court without a hearing, rather than pursuant to a preliminary injunction issued after a hearing. *Cf. Local 368, Brotherhood of Painters v. Barker Painting Co.,* 58 App.D.C. 51, 24 F.2d 879 (1928) (in declaring attorney's fees recoverable as damages upon an injunction bond, court rejected distinction between an interlocutory order and a final decree).

The awarding of damages pursuant to an injunction bond rests in the sound discretion of the trial court. *H & R Block, Inc. v. McCaslin,* 541 F.2d 1098, 1099 (5th Cir.1976); *Page Communications Engineers, Inc. v. Froehlke,* 155 U.S.App.D.C. 1, 4, 475 F.2d 994, 997 (1973). Nothing in the record in this case suggests that the trial court abused its discretion. The amount of the award was exactly equal to the total amount of the bond posted. Although attorney's fees are not normally awarded under Rule 65(c), *see Coyne-Dela-*

*ny Co. v. Capital Development Board,* 717 F.2d 385, 390 (7th Cir.1983), such an award is specifically allowed in the District of Columbia by D.C.Code § 15–111 (1981). Given the extensive legal proceedings and the length of time (more than three years) that Frenkel was without use of the money owed to her, we hold that Judge Greene acted well within his discretion in granting Frenkel's motion. *See H & R Block, Inc. v. McCaslin, supra,* 541 F.2d at 1099; *see also Coyne-Delany Co., supra,* 717 F.2d at 391 (drafters of Rule 65(c) must have intended that when damages were incurred, plaintiff "would normally be required to pay the damages, at least up to the limit of the bond").

Finally, appellants contend that equitable considerations preclude any award of attorney's fees and costs in this case. These contentions are inaccurate and unsupported by the record. Moreover, they were not properly raised in the trial court, and thus we decline to consider them. *Miller v. Avirom,* 127 U.S.App.D.C. 367, 384 F.2d 319 (1967).

*Affirmed.*