## THE M. BLATT COMPANY v. CHARLES L. SOUTHWELL.

(Filed 22 May 1963.)

**1. Injunctions § 16—**

G.S. 1-496 and G.S. 1-497 are *in pari materia* and must be construed together, therefore in order to be entitled to recover against plaintiff and the surety on his bond for damages resulting from the issuance of a temporary restraining order the defendant has the burden of showing that the court has decided by final judgment that plaintiff was not entitled to the temporary restraining order or circumstances equivalent to such decision.

**2. Same—**

It is error to allow defendant's motion for judgment against plaintiff and the surety on his bond for damages resulting from issuance of a temporary restraining order merely sequent to an order which dissolves the temporary restraining order without adjudicating that plaintiff was not entitled to the temporary restraining order or without finding the facts in regard to plaintiff's affidavit that the temporary restraining order was dissolved by voluntary agreement of the parties upon representation by defendant that he would not perform the acts therein proscribed.

**3. Appeal and Error § 55—**

Where it is apparent that the order appealed from was entered by the court under a misapprehension of the applicable law, the cause will be remanded to the end that the facts may be found in the light of the true legal principles.

APPEAL by plaintiff from *Crissman, J.,* January 7, 1963, Regular Term of GUILFORD, Greensboro Division.

The hearing below was on a motion by defendant for judgment against plaintiff and its surety for $500.00 as damages allegedly caused by the issuance and service of a temporary restraining order.

Defendant had been employed by plaintiff as manager of its Greensboro Branch Office under a written contract. On or about February 13, 1962, plaintiff delivered a letter to defendant notifying defendant he was discharged as such employee. Immediately thereafter, defendant instituted an action against plaintiff based on breach of contract. A day or two *thereafter* the present action was instituted.

On February 15, 1962, when summons was issued, plaintiff applied for and obtained an order extending the time for filing complaint; and, based on an affidavit of its comptroller, plaintiff obtained a temporary order signed by his Honor Walter E. Johnston, Jr., restraining defendant from going upon plaintiff's premises at 1319 Headquarters Drive, Greensboro, North Carolina, and from interfering in any way with plaintiff's property and the dispatch of its business. The said order

contained this provision: "Plaintiff to give a bond in the sum of $2500.00 to indemnify defendant from loss." The said order notified defendant to appear before Judge Johnston on February 20, 1962, and show cause why said order should not be continued in effect until the final hearing. A copy of each of said documents was served on defendant on February 17, 1962.

On February 20, 1962, on return of said order to show cause, Judge Johnston entered an order in which he "vacated and dissolved" the temporary restraining order of February 15, 1962, and ordered that plaintiff be taxed "with the costs thereof." When submitted to Judge Johnston the (proposed) order contained this recital: "and it appearing to the Court upon such hearing that the plaintiff was not entitled to the said Restraining Order." Before signing the order, this recital was modified by Judge Johnston so as to read: "and it appearing to the Court that the Restraining Order should not be continued." The recital that "the plaintiff was not entitled to the said Restraining Order" was stricken by Judge Johnston.

Judge Johnston's order of February 20, 1962, recites the hearing on that date was "upon the Affidavits and arguments submitted by both the Plaintiff and the defendant." However, no affidavits then presented to Judge Johnston appear in the present record.

Nothing occurred after Judge Johnston's order of February 20, 1962, until December 28, 1962, when defendant filed his motion for judgment against plaintiff and its surety.

In his motion of December 28, 1962, defendant asserted that plaintiff had "executed a written undertaking with Fidelity and Deposit Company of Maryland as surety in the sum of Five Hundred Dollars ($500.00), conditioned that said plaintiff would pay to the party enjoined such damages as he might sustain by reason of said injunction if the Court should finally decide that the plaintiff was not entitled thereto"; that "this Court adjudged that said plaintiff was not entitled to said injunction and entered an Order dissolving the same"; and that defendant "suffered damages by reason of said injunction in the sum of Five Hundred Dollars ($500.00)."

Answering said motion: Plaintiff admitted it had executed a written undertaking with Fidelity and Deposit Company of Maryland as surety as condition precedent to the issuance of the temporary restraining order. It denied the court had adjudged plaintiff "was not entitled to said injunction," alleging the court expressly refused to sign a proposed order submitted by defendant's counsel containing such a finding or recital. It alleged that, at the hearing on February 20, 1962, defendant, through his counsel, represented to the court that he

would not return to plaintiff's premises and interfere; that the question had become moot; that defendant after February 20, 1962, voluntarily absented himself from the premises referred to in the temporary restraining order; that defendant had suffered no damages on account of the issuance and service of the temporary restraining order; and that this action had abated on account of plaintiff's failure to file complaint or other pleadings. Plaintiff prayed that defendant's motion for damages be dismissed.

At the hearing before Judge Crissman defendant offered affidavits relating exclusively to the subject of damages allegedly caused by the issuance and service of the temporary restraining order. The only affidavit offered by plaintiff was the affidavit of Blair L. Daily, an attorney of record for plaintiff, in which he asserts that prior to the hearing on February 20, 1962, he was advised by defendant's counsel that defendant would stay away from plaintiff's premises and that the restraining order was not necessary, and that "the dissolution of the restraining order in this cause was by consent of the parties through their counsel and of the voluntary joint action of both plaintiff and defendant without any legal determination of the merits of the controversy or the propriety of the injunction . . ."

The judgment entered by Judge Crissman is dated January 24, 1963, and is in these words:

"THIS CAUSE coming on to be heard, and being heard by the Honorable Walter E. Crissman, Resident Judge of the Eighteenth Judicial District of North Carolina, upon a Motion made by the defendant for damages in accordance with General Statutes, Section 1-497; upon arguments of counsel for plaintiff and defendant and upon affidavits submitted by each, and the Court having found as a fact that an injunction was granted the plaintiff on February 15, 1962, and that same was vacated and dissolved by Order of the Court on February 20, 1962, and the Court having further found that the defendant sustained damages by virtue thereof;

"NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the defendant have and recover of the plaintiff, The M. Blatt Company, damages as aforesaid in the sum of Three Hundred ($300.00) Dollars, and further, that the plaintiff be taxed with the costs to be assessed by the Clerk."

Plaintiff excepted and appealed.

*Blair L. Daily and Jordan J. Frassineti for plaintiff appellant.*

*E. D. Kuykendall, Jr., and Weinstein & Weinstein for defendant appellee.*

BOBBITT, J.    Although defendant's motion is made under G.S. 1-497 for judgment against plaintiff and the surety on its undertaking or bond, the undertaking or bond is not in the record. Whether for $2,500.00 or $500.00, it is assumed the bond was drafted in accordance with G.S. 1-496. Defendant's motion for judgment thereon alleges the bond was "conditioned that said plaintiff would pay to the party enjoined such damages as he might sustain by reason of said injunction if the Court should finally decide that the plaintiff was not entitled thereto."

Section 341 of the Code of 1883 as amended by Chapter 251 of the Public Laws of 1893 included all of the statutory provisions subsequently codified as Sections 817 and 818 of the Revisal of 1905 and Sections 854 and 855 of the Consolidated Statutes of 1919 and now codified as Sections 1-496 and 1-497 of the General Statutes. G.S. 1-496 and G.S. 1-497 are *in pari materia* and must be construed together. There can be no recovery of damages under G.S. 1-497 on a bond given in accordance wtih G.S. 1-496 unless and until "the court finally decides that the plaintiff was not entitled" to the restraining order or injunction.

"It is held that no right of action accrues upon an injunction bond until the court has finally decided that plaintiff was not entitled to the injunction, or until something occurs equivalent to such a decision." 22 Cyc. 1027-1028; 43 C.J.S., Injunctions § 285, § 292(b); 28 Am. Jur., Injunctions § 338.

The question before Judge Johnston on February 20, 1962, was whether the temporary restraining order should be continued in effect until the final hearing or dissolved. The only reason stated in his order of February 20, 1962, for then dissolving the temporary restraining order is that it appeared to the court that "the Restraining Order should not be continued." The order contains no recital, finding or adjudication that plaintiff was not entitled to the temporary restraining order during the period it was in effect. As stated in *Scott v. Frank* (Iowa), 96 N.W. 764: "To sustain an action for damages it must be made to appear that such injunction was wrongful in its inception, or at least was continued owing to some wrong on the part of plaintiff. If rightfully awarded, but afterwards properly dissolved because of matters done or arising subsequent to its issuance, there can be no recovery of damages."

Absent an express decision that plaintiff was not entitled to the temporary restraining order, the question is whether the order of February 20, 1962, was the equivalent of such a decision. This question must be answered in the light of the legal principles set forth below.

In an action in which the plaintiff has obtained a temporary restraining order or injunction by giving bond such as that required by G.S. 1-496, "(t)he voluntary and unconditional dismissal of the proceedings by the plaintiff is equivalent to a judicial determination that the proceeding for an injunction was wrongful, since thereby the plaintiff is held to have confessed that he was not entitled to the equitable relief sought." *Gubbins v. Delaney* (Ind.), 115 N.E. 340; *St. Joseph & Elkhart Power Co. v. Graham* (Ind.), 74 N.E. 498, and cases cited; *Columbus, H. V. & T. Ry. Co. v. Burke* (Ohio), 43 N.E. 282; 43 C.J.S., Injunctions § 292b(2); 28 Am. Jur., Injunctions § 340; 54 A.L.R. 2d 505. It is so held in this jurisdiction. *R. R. v. Mining Co.,* 117 N.C. 191, 23 S.E. 181; *Timber Co. v. Rountree,* 122 N.C. 45, 29 S.E. 61.

"When, however, the dismissal of the action is by an amicable and voluntary agreement of the parties, the same is not a confession by the plaintiff that he had no right to the injunction granted, and does not operate as a judgment to that effect." *St. Joseph, etc. v. Graham, supra,* and cases cited; *Columbus, etc. v. Burke, supra; Gubbins v. Delany, supra; American Gas Mach. Co. v. Voorhees* (Minn.), 283 N.W. 114, and cases cited; *Janssen v. Shown* (CCA 9th), 53 F. 2d 608; 43 C.J.S., Injunctions § 292b(2); 28 Am. Jur., Injunctions § 340. As stated in *American Gas Mach. Co. v. Voorhees, supra:* "A judgment of voluntary dismissal by agreement of the parties of an action in which a restraining order has been issued is not an adjudication that the restraining order was improvidently or erroneously issued."

While the order of February 20, 1962, did not expressly provide the action was dismissed, these facts are noted: The sole object of plaintiff's action was to restrain defendant as provided in the temporary restraining order. No pleadings were ever filed by plaintiff or by defendant. The action was quiescent from February 20, 1962, until December 28, 1962. In these circumstances, the rule stated in the preceding paragraph would seem as pertinent as if there had been a formal dismissal of the action.

The facts set forth in the affidavit of Blair L. Daily were not controverted. They tend to show the temporary restraining order was dissolved by and with the consent of defendant on account of defendant's assurance to plaintiff that defendant thereafter would voluntarily refrain from the conduct the temporary order had restrained. If this be true, the order of February 20, 1962, dissolving the temporary restraining order, may not be considered the equivalent of a final decision that plaintiff was not entitled to the temporary restraining order.

Judge Crissman's order contains no findings of fact with reference to the matters referred to in the Daily affidavit. The order is based

solely on a finding that the temporary restraining order of February 15, 1962, was dissolved by the order of February 20, 1962, an undisputed fact. The burden of proof was on defendant to show, as a prerequisite to his right to recover damages from plaintiff and its surety, either that the court had finally decided plaintiff was not entitled to the temporary restraining order or that something had occurred equivalent to such a decision. Since it would seem the order was entered under misapprehension of the applicable law, the order of Judge Crissman is vacated and the cause is remanded for further hearing at which evidence may be offered and the facts found relevant to the matters referred to in the Daily affidavit.

It is noteworthy that nothing in the present record indicates defendant asserted at the hearing on February 20, 1962, that the restraining order had been improvidently issued or that he was entitled to judgment against plaintiff and its surety. In this connection, see *R. R. v. Mining Co., supra.*

Since the order is vacated for the reasons stated, we do not reach plaintiff's contention that the evidence was insufficient to show defendant suffered damages on account of the issuance and service of the temporary restraining order. However, it is noted that the order contained no findings of fact with reference to the nature and extent of defendant's damages.

Questions with reference to procedures for the ascertainment of the amount of damages upon motion under G.S. 1-497 are not presented.

Error and remanded.