**GOLDEN GATE MECHANICAL CONTRACTORS ASSOCIATION, Appellant and Appellee,**

v.

**SEABOARD SURETY COMPANY, Appellee and Appellant.**

**No. 21580.**

United States Court of Appeals Ninth Circuit.

Jan. 30, 1968.

Rehearing Denied March 13, 1968.

---

5. Home Ins. Co. v. Southern Motor Coach Corp., 171 Okl. 94, 41 P.2d 870, 874.

Robert E. Hatch (argued), Leighton Hatch, San Francisco, Cal., for appellant.

John J. Vlahos (argued), Gary D. Berger, of Hanson, Bridgett, Marcus & Jenkins, San Francisco, Cal., M. Maroni Smith, San Francisco, Cal., for appellee.

Before HAMLEY, BROWNING and CARTER, Circuit Judges.

CARTER, Circuit Judge:

This case involves cross appeals from a judgment in the sum of $2,000.00 entered in the District Court in favor of Golden Gate Mechanical Contractors Association, (hereafter Golden Gate) against Seaboard Surety Company, (hereafter Seaboard) upon a surety bond. Seaboard appeals on the issue of liability, and Golden Gate appeals on the issue of damages.

Mechanical Contractors Association of Northern California (hereafter Mechan-

ical Contractors) had sued Golden Gate in the state court. In that action, Mechanical Contractors obtained a temporary injunction against Golden Gate and Seaboard, defendant herein, issued the required surety bond.

### The Seaboard Appeal

The jurisdiction of the district court was based upon diversity of citizenship and California law controls.

■ Recovery on the surety bond must be had in a new action and not in an action in which the bond was posted.

■ Under California Code of Civil Procedure Section 529 the sureties on an injunction bond agree to pay the party enjoined damages sustained by reason of the injunction, not exceeding the amount of the bond, if the court finally decides that the applicant was not entitled to the injunction. As the court stated in Frahm v. Walton, 130 Cal. 396, 62 P. 618 (1900), "The voluntary dismissal of the action by the plaintiffs had the same effect as a decision of the court that they were not entitled to the injunction;" (p. 398, 62 P. p. 619). Adams v. Nat. Auto Ins. Co., 56 Cal.App.2d 905, 133 P.2d 657 (1943); Moore v. Maryland Cas. Co., 100 Cal.App. 658, 280 P. 1008 (1929). On the other hand dismissal by the plaintiff, consented to by the defendant will preclude an action on the bond. Wilshire Mortgage Corp. v. O. A. Graybeal Co., 41 Cal.App.2d 1, 105 P.2d 996 (1940).

California Code of Civil Procedure, Sec. 581, provides in pertinent part as follows:

"An action may be dismissed in the following cases:

1. Plaintiff. By plaintiff, by written request to the clerk * * * at any time before the actual commencement of trial * * *; provided, that a counterclaim has not been set up, or affirmative relief sought by the cross-complaint or answer of the defendant. * * *

2. Either party. By either party, upon the written consent of the other * * *".

Golden Gate, the defendant in the state action in which the bond was placed, after Mechanical Contractors had secured an injunction against Golden Gate, secured a temporary injunction against Mechanical Contractors, plaintiff in the state action.

■ However, no counterclaim or cross-complaint was filed nor was affirmative relief sought by the answer of Golden Gate. How the temporary injunction issued against the plaintiff in the state action, Mechanical Contractors, we do not know. Nor does the fact it was issued come within the statute requiring that a plaintiff in an action may not dismiss provided that a counterclaim has been set up by a defendant or affirmative relief sought by cross-complaint or answer of the defendant. The reason for the rule is clear—to prevent a plaintiff from dismissing an action where the defendant has on file pleadings seeking affirmative relief on which in the future the defendant would be entitled to a hearing. True, Golden Gate, defendant in the state case, had obtained affirmative relief. However there was no pleading on file by Golden Gate requesting any further affirmative relief.

■ The plaintiff in the state court case, Mechanical Contractors, filed a written dismissal of the action in the state court and the bonds were exonerated. The district judge below had before it the transcript of the proceedings in the state court at the time of dismissal, took testimony from the parties and concluded on conflicting evidence that Golden Gate, the defendant in the state court action had not consented to the dismissal. The finding below is supported by competent evidence.

■ There is no merit to Seaboard's contention that the exoneration of the bonds operated to wipe out liability. The exoneration would operate only prospectively. On the Seaboard appeal judgment is affirmed.

### The Golden Gate Appeal

■ The court below determined from the testimony in the case that the

plaintiff below had sustained damages in the sum of $2,000.00, being attorney's fees paid and allocated by the trial court to attempts by Golden Gate to get the injunction dissolved. Golden Gate insists that its attorney's fees should have been $25,000.00. On competent evidence below the trial court found that the damages were $2,000.00.

In the Golden Gate appeal, the judgment is affirmed.[1]

1. The motion of Seaboard to strike the appendix to Golden Gate's Reply Brief and Correspondence of counsel, is granted.