LEONARD E. WARNER, INC. v. NISSAN MOTOR CORPORATION IN U.S.A. AND TRIAD DATSUN, INC.

No. 8221SC1320

(Filed 17 January 1984)

1. **Injunctions § 16; Rules of Civil Procedure § 65— recovery on bond posted for temporary restraining order**

The trial court properly allowed the intervenor to recover damages of $15,000.00 from plaintiff pursuant to plaintiff's bond posted for a temporary restraining order prohibiting the national distributor of Datsun automobiles from establishing the intervenor or anyone else as a dealer in plaintiff's alleged sales area where plaintiff voluntarily withdrew its request for a preliminary injunction, since such voluntary withdrawal should be construed as the equivalent of a final determination that plaintiff was not entitled to the temporary restraining order. G.S. 1A-1, Rule 65.

2. **Injunctions § 16; Rules of Civil Procedure § 65— bond for temporary restraining order—recovery by intervenor—motion to intervene allowed after order expired**

An intervenor was not ineligible for recovery on plaintiff's bond posted for a temporary restraining order prohibiting the national distributor of Datsun automobiles from establishing the intervenor or anyone else as a Datsun dealer in plaintiff's alleged sales area because the motion to intervene was not granted, and the intervenor was thus not a named party, until after the temporary restraining order had expired.

APPEAL by plaintiff from *Brewer, Judge.* Order entered 20 September 1982 in Superior Court, FORSYTH County. Heard in the Court of Appeals 15 November 1983.

This is an appeal from that part of an order allowing the intervenor, Triad Datsun, to recover damages from plaintiff in the sum of $15,000.00 pursuant to plaintiff's bond posted for a temporary restraining order.

*Hutchins, Tyndall, Doughton and Moore, by Richard Tyndall, for plaintiff appellant.*

*Smith, Moore, Smith, Schell and Hunter, by David W. Moore, II and Stephen W. Earp, for defendant Nissan Motor Corporation.*

*White and Crumpler, by Randolph James and Craig B. Wheaton, for intervenor appellee.*

HILL, Judge.

On 14 March 1980, plaintiff filed a complaint alleging that the defendant, Nissan Motor Corporation (hereinafter "Nissan"), the national distributor of Datsun vehicles, had (1) violated a franchise agreement between Nissan as franchisor and plaintiff as franchisee by refusing to supply plaintiff with an adequate supply of Datsun vehicles and by granting an additional franchise in plaintiff's sales locality; (2) violated G.S. 20-305(5) by granting this additional franchise before a hearing could be held by the Division of Motor Vehicles; and (3) violated G.S. 75-1.1 by engaging in unfair methods of competition and deceptive business practices. Plaintiff requested monetary relief and a permanent injunction prohibiting Nissan from violating the franchise agreement by establishing or supplying another dealer in plaintiff's sales locality. Plaintiff asked that its complaint be treated as a motion and affidavit for a temporary restraining order pursuant to G.S. 1A-1, Rule 65(c) of the North Carolina Rules of Civil Procedure.

On this same day, the court granted plaintiff's motion and issued a temporary restraining order which restrained Nissan from establishing Triad Datsun, Inc. (hereinafter "Triad"), or any other dealer in plaintiff's alleged sales area, and from shipping or delivering any Datsun vehicles, parts or accessories to Triad or any other dealer in this area. The court ordered that plaintiff set a $3,000.00 bond pursuant to Rule 65(c). The order was to expire on 24 March 1980 but was eventually extended until 1 April 1980.

On 17 March 1980, Triad, although not a named party to the lawsuit on that date, was served with the temporary restraining order and was notified that a hearing had been scheduled to determine whether a preliminary injunction should issue during the pendency of plaintiff's action. The Restraining Order provided the defendant be restrained: "9. From doing any act which could or

might aid Triad Datsun, Inc. in opening its doors for the sales and/or service of Datsun vehicles, parts and accessories." From the time of service Triad was on notice the Restraining Order affected it specifically. Having been placed on notice, it thereafter would have been subject to the provisions of the order as a basis for contempt. See *Cotton Mills v. Local 578*, 251 N.C. 218, 111 S.E. 2d 457 (1959). Two days later, Triad filed a motion to intervene pursuant to G.S. 1A-1, Rule 24(a)(2) claiming that its interests were not being adequately represented by the existing parties. Triad claimed it was to have opened for business on 17 March 1980 and would suffer monetary losses each day until the restraining order expired. Triad also moved that plaintiff's bond be increased to $40,000.00.

The court on its own motion ordered that the bond be increased to $15,000.00 and that it be "extended in all respects to protect the defendant and any other parties which the law might allow." Beginning 1 April 1980, the court heard Triad's motion to intervene, plaintiff's motion for a preliminary injunction, and a later motion by plaintiff that a preliminary injunction not be entered until after the Division of Motor Vehicles had held the hearing required by G.S. 20-305(5) to determine whether Nissan should be allowed to grant an additional franchise near plaintiff's sales locality. During the course of the hearings, the court indicated its willingness to grant a preliminary injunction for a limited period of time conditioned upon a substantially higher bond.

In a comprehensive order dated 9 April 1980, the court ordered: (1) that the Division of Motor Vehicles hold the required hearing within thirty days to determine the franchise rights of the parties; (2) that Triad's motion to intervene be granted; (3) that plaintiff's motion to defer a ruling on the preliminary injunction be denied; and (4) that plaintiff's motion that a preliminary injunction not issue be granted. Subsequently, the Division of Motor Vehicles held the required hearing and determined the issues adversely to the plaintiff.

Next, both Nissan and Triad filed motions for summary judgment which were granted in part by the court in its order dated 20 September 1982. The only issue left for dispute was whether Nissan breached its franchise agreement by failing to supply

plaintiff with an adequate supply of Datsun vehicles. In this order, the court granted a motion by Triad to recover damages of $15,000.00 pursuant to plaintiff's bond. Plaintiff appealed.

Plaintiff assigns as error the court's granting of Triad's motion to recover damages pursuant to plaintiff's bond. This appeal requires that we consider Rule 65(c) of the North Carolina Rules of Civil Procedure which reads as follows in pertinent part:

> (c) *Security.* No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the judge deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained. . . .

G.S. 1A-1, Rule 65. Rule 65(e) provides that damages may be awarded without a showing of malice or want of probable cause on the part of the plaintiff in the procurement of the restraining order. G.S. 1A-1, Rule 65(e).

The purpose of the security requirement is to protect the restrained party from damages incurred as a result of the wrongful issuance of the injunctive relief. *Keith v. Day,* 60 N.C. App. 559, 299 S.E. 2d 296 (1983). Similarly, it has been suggested that the purpose of the bond is to require that the plaintiff assume the risk of paying damages he causes as the "price" he must pay to have the extraordinary privilege of a temporary restraining order or preliminary injunction. Dobbs, Should Security be Required as a Pre-Condition to Provisional Injunctive Relief?, 52 N.C. L. Rev. 1091, 1149 (1974).

The question of when recovery on a bond posted under Rule 65 is proper has rarely been addressed by our courts. It has been held that in interpreting Rule 65(c) we may look to federal decisions for guidance. *See Keith v. Day, supra* at 560-61. In *Page Communications Engineers, Inc. v. Froehlke,* 475 F. 2d 994 (4th Circuit, 1973), it was held that the court in considering the matter of damages is bound to effect justice between the parties, avoiding any result that would be inequitable or oppressive for either party. 475 F. 2d at 997. However, our research has disclosed that the precise issues raised by the plaintiff here have not been addressed by the federal courts. Therefore, we must consider the

issues raised herein on the basis which provides the result most consonant with proper public policy and the purpose of the rule.

[1] In its first argument, plaintiff contends the court erred in awarding Triad recovery on the bond without determining that plaintiff was not entitled to the temporary restraining order or that circumstances existed equivalent to a final judgment that the order was wrongfully issued. We disagree.

It is established that recovery under Rule 65 may not be granted until "the court has finally decided that plaintiff was not entitled to the injunction, or until something occurs equivalent to such a decision." *Blatt Co. v. Southwell*, 259 N.C. 468, 471, 130 S.E. 2d 859, 861 (1963). *Blatt* was decided under the old North Carolina provisions concerning the recovery of security posted on restraining orders. *See former* G.S. 1-496, 1-497. But the Supreme Court has indicated in *Electrical Workers Union v. Country Club East*, 283 N.C. 1, 194 S.E. 2d 848 (1973), by quoting the *Blatt* decision that case authority decided under the former provisions is controlling as to cases arising under the current Rule 65.

In *Blatt*, the court cited numerous jurisdictions for the proposition that "the voluntary and unconditional dismissal of the proceedings by the plaintiff is equivalent to a judicial determination that the proceeding for an injunction was wrongful, since thereby the plaintiff is held to have confessed that he was not entitled to the equitable relief sought." 259 N.C. at 472, 130 S.E. 2d at 862. This proposition has been accepted in certain federal courts as well. *See Middlewest Motor Freight Bureau v. U.S.*, 433 F. 2d 212 (8th Circuit, 1970), *cert. denied*, 402 U.S. 999, 29 L.Ed. 2d 165, 91 S.Ct. 2169 (1971); *Golden Gate Mechanical Contractors Association v. Seaboard Surety Co.*, 389 F. 2d 892 (9th Circuit, 1968).

In the present case, the court gave the following reasons for the granting of Triad's motion: (1) Triad had been restrained pursuant to Rule 65; (2) had sustained damages in at least the sum of $15,000.00; and (3) plaintiff had withdrawn its request for a preliminary injunction. Plaintiff argues the 20 September 1982 order of the court was not a final adjudication that plaintiff was not entitled to the temporary restraining order, nor was it equivalent to such a decision. Plaintiff contends that because no such finding of wrongful or improvident enjoinment was made, it was error for the court to allow recovery on the bond.

We reject plaintiff's argument because it totally ignores the effect of plaintiff's voluntary withdrawal of its request for a preliminary injunction. Such voluntary withdrawal in the circumstances of this case should be treated similarly to a voluntary dismissal and construed as the equivalent of a final determination that plaintiff was not entitled to the restraining order. It is clear from plaintiff's actions that it was unwilling to post the higher bond required by the court because of its lack of faith in its claims. This is indicated in part by the plaintiff's desire to have the court's ruling on the issuance of the preliminary injunction deferred until after the Division of Motor Vehicles had determined the merits of plaintiff's claims. Additionally, the fact the Division of Motor Vehicles decided the issues adversely to plaintiff supports a conclusion that the restraint was wrongful. We hold that plaintiff's voluntary withdrawal of its request in the circumstances of this case was sufficient to permit the court to allow recovery on the bond.

[2]  Secondly, plaintiff argues the court erred in determining that Triad was eligible under Rule 65 for recovery on the bond when Triad's motion to intervene was not granted until after the temporary restraining order had expired. Rule 65(c) provides the bond is posted for the payment of such damages as may be incurred "by any *party* who is found to have been wrongfully enjoined or restrained." (Emphasis added.) The essence of plaintiff's argument is that Triad should not be allowed to recover on the bond because it was not a named party in the action until after the temporary restraining order had expired. This argument is meritless.

It would defeat justice and the very purpose of the bond to bar Triad from recovery merely because the court was unable to hear its motion to intervene until after the order had expired. By intervening, Triad became a party to the action and thus was eligible for recovery under Rule 65. After intervention, an intervenor is as much a party to the action as the original parties are and has rights equally as broad. 59 Am. Jur. 2d Parties § 177, § 181 (1971).

Although Nissan was technically the party restrained by the restraining order, Triad was also restrained as a practical matter. Triad was totally precluded from conducting its business and suf-

fered severe monetary losses as a direct result of such restraint. It is apparent that the court intended Triad to be a party to the bond itself. In the Order filed 25 March 1980 the trial judge found, *inter alia*, ". . . that the Court heard from the plaintiff and the defendant and from Triad Datsun, Incorporated, who has filed a Motion to Intervene and argued for an increase in the bond heretofore posted . . . ." In the order proper the judge decreed ". . . that the Bond heretofore posted and hereby increased to the sum of $15,000.00 is hereby extended in all respects to protect the defendant *and any other parties* which the law might allow . . . ." (Emphasis ours.)

Prior to the rules, an intervenor was forced to "take the case as he finds it," meaning he could not enlarge on the issues then existing. This is no longer true. Once an intervenor becomes a party, he should be a party for all purposes. *See generally* Shuford, *N.C. Civil Practice and Procedure*, § 24-11, p. 203. *In re Raabe, Glissman & Co., Inc.*, 71 F. Supp. 678 (S.D.N.Y. 1947).

The Order of the court granting Triad recovery on the bond is

Affirmed.

Judges ARNOLD and BRASWELL concur.