DEMOCRATIC PARTY OF GUILFORD CO. v. GUILFORD CO. BD. OF ELECTIONS

[342 N.C. 856 (1996)]

THE DEMOCRATIC PARTY OF GUILFORD COUNTY AND ELLEN EMERSON, INDI-
VIDUALLY AND AS CHAIRPERSON OF THE DEMOCRATIC PARTY OF GUIL-
FORD COUNTY, AND AFRICA S. HAKEEM v. GUILFORD COUNTY BOARD OF
ELECTIONS, B. J. PEARCE, JAMES PFAFF AND ROBERT NEWSOME, III; AND
GEORGE GILBERT, SUPERVISOR OF THE GUILFORD COUNTY BOARD OF
ELECTIONS

No. 116A95

(Filed 8 March 1996)

**Injunctions § 43 (NCI4th)— election hours—temporary
restraining order extending—expiration of order—
damages**

In an action arising from the 1990 general election in which
plaintiffs had obtained a temporary restraining order keeping the
polls in Guilford County open past the scheduled closing time,
the Court of Appeals correctly affirmed the denial of a motion to
vacate the temporary restraining order but incorrectly remanded
for a hearing on damages. An *ex parte* temporary restraining
order expires by its terms and cannot exceed ten days duration;
plaintiffs here sought no other relief and the order expired, at the
latest, ten days after it was entered. Defendants' motion to vacate
the order and recover damages and plaintiffs' voluntary dis-
missal, both thirty days after the order, both came too late. There
was no order then in existence. In the absence of statutory or
common law, damages will not issue when parties in an election
setting seek damages for improperly entered restraining orders in
the absence of bad faith by the parties obtaining the orders, of
which there is no record here. However, courts should exercise
great caution before intervening in ongoing elections.

**Am Jur 2d, Injunctions §§ 326, 327.**

**Appealability of order granting, extending, or refusing
to dissolve temporary restraining order. 19 ALR3d 403.**

Appeal by defendants pursuant to N.C.G.S. § 7A-30(2) from the
decision of a divided panel of the Court of Appeals, 117 N.C. App. 633,
453 S.E.2d 243 (1995), affirming an order entered by Freeman, J., on
13 May 1991 in Superior Court, Guilford County, which denied
defendants' motion to vacate a temporary restraining order entered
by John, J., on 6 November 1990 in Superior Court, Guilford County,
and remanding for a new hearing on the issue of damages. On 27 July

1995, the Supreme Court allowed defendants' petition for discretionary review of additional issues. Heard in the Supreme Court 11 December 1995.

*Smith Helms Mulliss & Moore, L.L.P., by McNeill Smith and Andrew S. Chamberlin, for plaintiff-appellees.*

*Robinson, Bradshaw & Hinson, P.A., by John R. Wester, J. Daniel Bishop, and Lawrence C. Moore, III, for defendant-appellants.*

WHICHARD, Justice.

North Carolina held a general election on 6 November 1990. Defendant Guilford County Board of Elections (Board) had published notices informing voters that the polls would be open from 6:30 a.m. until 7:30 p.m. Throughout the morning, defendant George Gilbert, the Guilford County Supervisor of Elections, received several complaints concerning the length of lines at several polling places in the county. Gilbert personally visited five precincts and, over the course of the day, observed a general decline in the length of the polling lines.

At approximately 11:00 a.m., plaintiff Ellen Emerson, chair of the plaintiff Guilford County Democratic Party, filed a formal written complaint with the Board requesting an extension of the voting hours until 8:30 p.m. In her request, Emerson listed twenty-one specific complaints. Among other things, she alleged that there were several broken machines and that in several precincts, the use of only one registration book was causing very long lines for voters to sign in to vote. The Board took no immediate action on Emerson's request. At approximately 3:00 p.m., Emerson filed a second written complaint seeking an extension of the voting hours until midnight.

The Board, consisting of two Republicans and one Democrat, met in the late afternoon. Sometime between 4:00 and 5:00 p.m., Gilbert reported the complaints to the Board and informed it that steps had been taken in an effort to resolve the problems. At approximately 5:00 p.m., Board member Robert Newsome, III, made a motion to extend the voting hours until 8:30 p.m. His motion failed for lack of a second. Neither Gilbert nor the Board formally responded to plaintiffs' written complaints. Plaintiffs learned shortly after 5:00 p.m. that the Board would take no action on Emerson's written requests.

Shortly after 7:00 p.m., plaintiffs delivered to the home of then-Superior Court (now Court of Appeals) Judge Joseph R. John a written complaint and motion requesting a temporary restraining order and a preliminary injunction directing that the Board keep the polls open at all precincts until 10:00 p.m. and that paper ballots be provided to facilitate the process. Plaintiffs presented to Judge John numerous handwritten sworn affidavits concerning long lines and lack of duplicate voting books, which affidavits had been gathered after 5:00 p.m. when the Board last considered and took no action on plaintiffs' request. One affidavit indicated that hundreds of employees of Cone Mills Corporation had worked a twelve-hour shift that day from 7:00 a.m. to 7:00 p.m.

At about 7:25 p.m., Judge John signed a temporary restraining order[1] directing the Board to keep the polls open until 8:30 p.m. Judge John did not require plaintiffs to post a bond, and the temporary restraining order did not indicate why it was granted without notice to defendants. Judge John immediately telephoned the Board to inform it of his order. Through the efforts of Gilbert and his staff, most of the 107 precincts were contacted before 7:30 p.m. and instructed to remain open as Judge John had ordered. Between 391 and 431 potential voters arrived at the polling places after 7:30 p.m. and before 8:30 p.m; between 317 and 349 were allowed to vote. Although the Board heard several complaints about the extension of the voting time, all of the election results from Guilford County were eventually certified by the State Board of Elections.

On 6 December 1990, defendants filed a motion to vacate Judge John's temporary restraining order and a request for damages resulting from its issuance. Two and a half hours later, plaintiffs filed a notice of dismissal of their action without prejudice pursuant to Rule 41 of the North Carolina Rules of Civil Procedure. Defendants' motion came on to be heard at the 4 February 1991 Civil Term of Superior Court, Guilford County. Defendants presented evidence that they were damaged in the amount of $12,593.12. The damages included overtime pay for poll workers, building maintenance workers, and the supervisor and assistant supervisor of elections, as well as the cost of conducting the hearings resulting from the complaints filed concerning the polls being open an additional hour.

---

1. The order perhaps should have been designated as a mandatory injunction rather than a temporary restraining order; if so, it expired by its own terms when the polls closed following the extended hours ordered. The parties and the courts below have treated it as a temporary restraining order, however, and we do so as well in order to respond to the parties' contentions as presented.

In an order entered 13 May 1991, Judge William H. Freeman denied defendants' motion. Judge Freeman made twenty-one findings of fact, consistent with the facts just recited. Based on these findings, he entered twelve conclusions of law: (1) that the Board did not abuse its discretion in denying plaintiffs' request; (2) that plaintiffs exhausted all of their effective administrative remedies available at that time and that any further attempts to exhaust administrative or other judicial remedies would have been futile; (3) that plaintiffs had legal standing to request equitable remedies and/or judicial review from the Superior Court, Guilford County; (4) that based on the information before plaintiffs at the time the complaint was filed, they had a reasonable basis for and acted in good faith in requesting equitable relief and/or judicial review from the Superior Court, Guilford County; (5) that based on the information before Judge John, he did not abuse his discretion in issuing the temporary restraining order and his actions were neither arbitrary nor capricious; (6) that Judge John had the jurisdiction and authority to review the actions of the Board, to issue the temporary restraining order, and to reverse the decision of the Board, and that under the circumstances the Board's denial of plaintiffs' requests was final agency action, and the Superior Court, Guilford County, was a proper court to hear plaintiffs' complaint seeking equitable relief; (7) that plaintiffs did not wrongfully restrain defendants; (8) that the voluntary dismissal filed by plaintiffs and/or the expiration of the temporary restraining order by its own terms in ten days mooted the issues as to the validity and dissolution of the temporary restraining order; (9) that neither the voluntary dismissal nor the expiration of the temporary restraining order mooted a review by Judge Freeman of the issue of whether plaintiffs wrongfully restrained defendants; (10) that the voluntary dismissal without prejudice filed by plaintiffs was not a *per se* admission of wrongful restraint that automatically entitled defendants to damages; (11) that the alleged damages claimed by defendants were part of their legal duty to supervise and conduct elections and are not recoverable from private citizens or groups; and (12) that awarding damages against private citizens or groups would impermissibly repress their constitutional rights to contest election improprieties and to vote.

Defendants appealed to the Court of Appeals, contending that Judge John's entry of the *ex parte* temporary restraining order was improper because the Board had validly exercised its discretion in declining plaintiffs' requests to keep open the polls, because there was no evidence of irreparable injury to plaintiffs, and because no

bond was issued. The Court of Appeals dismissed defendants' argument because defendants did not appeal from the temporary restraining order; the court determined that it therefore did not have jurisdiction to hear defendants' appeal. *Democratic Party of Guilford Co. v. Guilford Co. Bd. of Elections*, 117 N.C. App. 633, 638, 453 S.E.2d 243, 246-47 (1995). The court also dismissed defendants' argument that Judge Freeman should have vacated the temporary restraining order, determining that no temporary restraining order was in existence at the time Judge Freeman heard the motion. The court further dismissed defendants' contention that plaintiffs' voluntary dismissal of the temporary restraining order on 6 December 1990 constituted a *per se* admission of wrongful restraint. As plaintiffs had prevailed on the only issue raised in their complaint, the court reasoned that "it would be illogical to conclude that a later voluntary dismissal, which did nothing more than terminate the action, could somehow be construed as an acknowledgement that plaintiff was not entitled to the relief it had already won." *Id.* at 640, 453 S.E.2d at 248. Because Judge Freeman considered only the evidence before Judge John in determining whether defendants were entitled to damages, the Court of Appeals remanded the case to the trial court for an additional hearing to determine defendants' right to damages based on all the evidence. Judge (now Justice) Orr dissented, concluding that the question whether Judge John had authority to grant the temporary restraining order should have been reviewed; that Judge John lacked such authority; and that this lack of authority, and the failure to post a bond, constituted wrongful restraint *per se. Id.* at 642-43, 453 S.E.2d at 249-50 (Orr, J., dissenting).

We agree with the Court of Appeals that Judge Freeman properly refused to vacate the temporary restraining order because that order had already expired. Assuming *arguendo* that Judge John's entry of the order was improper, we address the question whether defendants are entitled to damages. Rule 65(e) of the North Carolina Rules of Civil Procedure provides that "[a]n order or judgment dissolving an injunction or restraining order may include an award of damages against the party procuring the injunction and the sureties on his undertaking without a showing of malice or want of probable cause in procuring the injunction." N.C.G.S. § 1A-1, Rule 65(e) (1990). An *ex parte* temporary restraining order expires by its terms and cannot exceed ten days in duration. N.C.G.S. § 1A-1, Rule 65(b). Here, defendants moved to vacate the temporary restraining order on 6 December 1990, thirty days after it was entered. The order had

already expired by operation of law no later than 16 November 1990, however. Because there was no temporary restraining order in existence for Judge Freeman to vacate or dissolve, defendants could not recover damages in a dissolution order entered pursuant to Rule 65(e).

Defendants contend, as they contended in the Court of Appeals, that plaintiffs' voluntary dismissal of the action less than three hours after defendants had moved to vacate the temporary restraining order constituted a *per se* admission of wrongful restraint which automatically entitled defendants to damages. In so arguing, defendants rely principally upon the rule set forth in *M. Blatt Co. v. Southwell*, 259 N.C. 468, 130 S.E.2d 859 (1963). In *Blatt*, this Court noted that damages for wrongful restraint are not available unless and until the court finally decides that the plaintiff was not entitled to the restraining order or something occurs equivalent to such a decision. One such equivalent is the voluntary and unconditional dismissal of the proceedings by the plaintiff, " 'since thereby the plaintiff is held to have confessed that he was not entitled to the equitable relief sought.' " *Id.* at 472, 130 S.E.2d at 862 (quoting *Gubbins v. Delaney*, 64 Ind. App. 65, 71, 115 N.E. 340, 342 (1917).

Two Court of Appeals decisions have adopted the rule set forth in *Blatt*. In *Pinehurst, Inc. v. O'Leary Bros. Realty*, 79 N.C. App. 51, 338 S.E.2d 918, *disc. rev. denied*, 316 N.C. 378, 342 S.E.2d 896 (1986), and *Leonard E. Warner, Inc. v. Nissan Motor Corp.*, 66 N.C. App. 73, 311 S.E.2d 1 (1984), the Court of Appeals held that the parties' dismissals of their temporary restraining orders before their cases were decided on the merits could "only be construed as an acknowledgement by the [parties] that they could not establish their entitlement to the restraining order[s]." *Pinehurst*, 79 N.C. App. at 65, 338 S.E.2d at 926; *see Warner*, 66 N.C. App. at 78, 311 S.E.2d at 4. In holding that the plaintiffs in *Pinehurst* were entitled to damages under Rule 65, the Court of Appeals stated:

Because the only purpose for obtaining the injunction was to have their rights fully adjudicated upon the trial of this case, defendants may not prevent the issue from being tried and then be heard to maintain that the judgment is erroneous because that issue has not been determined.

79 N.C. App. at 65, 338 S.E.2d at 926.

This case is distinguishable from *Pinehurst* and *Warner*. In those cases an underlying action remained to be adjudicated following the parties' dismissals of their temporary injunctions, whereas plaintiffs here sought no relief other than the temporary restraining order, and that order expired, at the latest, ten days after Judge John entered it. Plaintiffs' voluntary dismissal of that order, twenty days after it expired, was thus without legal effect. Defendants' motion to vacate the temporary restraining order could not be granted because it came too late, and for the same reason plaintiffs' voluntary dismissal was a legal nullity. Accordingly, defendants are not entitled to damages under either Rule 65 or the foregoing cases.

In the absence of statutory or common law controlling when parties in an election setting may seek damages for improperly entered temporary restraining orders, we hold that damages will not issue in such situations in the absence of evidence of bad faith on the part of the party or person(s) obtaining the orders. Having scrutinized the record, we find no evidence that plaintiffs here acted in bad faith. We therefore affirm the Court of Appeals opinion insofar as it affirmed the denial of the motion to vacate the temporary restraining order, and we reverse the Court of Appeals opinion insofar as it remanded for a further hearing on the issue of damages.

In so holding, we note for the guidance of trial courts considering similar questions in the future that conventional wisdom generally favors leaving matters regarding the conduct of ongoing elections to the legislature and the administrative agencies it establishes to serve that function. Courts should exercise great caution before intervening in ongoing elections and should recall the following from *Pickard v. Castillo*, 550 S.W.2d 107, 111 (Tex. Ct. App. 1977), quoted in Judge (now Justice) Orr's dissent in the Court of Appeals: "As to such matters, the law does not purport to substitute the judgment of a judge (or jury) for that of duly elected officials, and the judiciary should not, in the absence of a clear mandate, interfere in the conduct of an election after the election process has begun . . . ." 117 N.C. App. at 643, 453 S.E.2d at 250.

AFFIRMED IN PART, REVERSED IN PART.

Justices WEBB, LAKE, and ORR did not participate in the consideration or decision of this case.