IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA15-521

Filed: 5 July 2016

Guilford County, No. 13 CVS 5637

ALLEN INDUSTRIES, INC., Plaintiff,

v.

JODY P. KLUTTZ, Defendant

Appeal by defendant from order entered 15 October 2014 by Judge Lindsay R. Davis, Jr. in Superior Court, Guilford County. Heard in the Court of Appeals 21 October 2015.

> *Tuggle Duggins P.A., by Denis E. Jacobson and Brandy L. Mills, for plaintiff-appellee.*

> *Ferguson, Scarbrough, Hayes, Hawkins & DeMay, PLLC, by James R. DeMay, for defendant-appellant.*

STROUD, Judge.

Defendant appeals an order denying her motion for damages on a preliminary injunction bond. Because the trial court correctly determined, in light of the facts and legal arguments presented by the parties, that the preliminary injunction was not wrongfully entered at the inception of the lawsuit, we affirm the trial court's order denying defendant's motion for damages.

I.     Background

Plaintiff is in the business of making commercial signs and awnings, and defendant used to be plaintiff's employee who managed "daily relationship[s] with customers" for plaintiff. On 9 May 2013, plaintiff filed a complaint against defendant alleging that defendant had begun working for a "direct competitor" and had breached her employment contract by using customer information she had gained from plaintiff. Plaintiff sought both an injunction and monetary relief. Plaintiff also filed a separate motion for a preliminary injunction.

On 28 June 2013, the trial court granted plaintiff's motion for a preliminary injunction based on "the non-competition clause" of the employment contract. The order enjoined defendant from working for Atlas Sign Industries of NC, LLC, plaintiff's competitor, through 14 March 2014. The order also required a $20,000 bond from plaintiff. On 3 June 2013, defendant appealed the preliminary injunction order. In May of 2014, in an unpublished opinion, this Court dismissed defendant's appeal as moot and declined to address the merits of the case because the time period of the covenant not to compete had already expired. *See Allen Industries, Inc. v. Kluttz*, ___ N.C. App. ___, 759 S.E.2d 711 (2014) (unpublished).

After the case was remanded to the trial court, in July of 2014, plaintiff voluntarily dismissed the case. The following month, defendant made a "MOTION IN THE CAUSE FOR DAMAGES ON PRELIMINARY INJUNCTION BOND" ("motion for damages") requesting payment to her of the $20,000 bond for the

preliminary injunction she contended was wrongfully entered. On 15 October 2014, the trial court denied defendant's motion for damages based on its interpretation of the employment contract. Defendant appeals the denial of her motion for damages.

## II.  Preliminary Injunction Bond

Defendant argues that "[t]he trial court erred in finding that [defendant] is not entitled to recover damages on the preliminary injunction bond." (Original in all caps.) Defendant contends based upon *Industries Innovators, Inc.* that "[a] voluntary dismissal of a complaint is equivalent to a finding that the defendant was wrongfully enjoined." 99 N.C. App. 42, 51, 392 S.E.2d 425, 431, *disc. rev. denied*, 327 N.C. 483, 397 S.E.2d 219 (citations and quotation marks omitted) (1990). We consider whether the trial court's findings of fact and conclusions of law are sufficient to support the judgment. *See generally id.* at 42, 49, 392 S.E.2d at 430.

In order to recover the preliminary injunction bond, defendant needed to demonstrate that she was "wrongfully enjoined[.]" N.C. Gen. Stat. § 1A-1, Rule 65(c) (2013); *see generally Indus. Innovators, Inc.*, 99 N.C. App. at 49, 392 S.E.2d at 430. But *Industries Innovators, Inc.* explains "three possibilities" for concluding whether a party has been wrongfully enjoined, not all of which require a final determination on the merits. 99 N.C. App. at 49-51, 392 S.E.2d at 430-31. However, *Industries Innovators, Inc.* acknowledges that there is no hard and fast rule for determining whether an individual has been wrongfully enjoined:

North Carolina case law presents a somewhat confusing picture of the standard for determining liability under an injunction bond.

Any standard for determining whether the defendant was wrongfully enjoined should be consistent with the very purpose of the bond which is to require that the plaintiff assume the risks of paying damages he causes as the price he must pay to have the extraordinary privilege of provisional relief. Consistent with that purpose, and we believe consistent with present North Carolina case law, Professor Dobbs observed:

> The fact that the plaintiff's position seemed sound when it was presented on the *ex parte* or preliminary hearing is no basis for relieving him of liability, since the very risk that requires a bond is the risk of error because such hearings are attenuated and inadequate. To say that proof of the inadequate hearing, against which the bond is intended to protect, relieves of liability on the bond is merely to subvert the bond's purpose. Thus the few cases that seem to deal with this situation seem correct in assessing liability to the plaintiff who loses on the ultimate merits, even when his proof warranted preliminary relief at the time it was awarded.

Accordingly, a defendant is entitled to damages on an injunction bond only when there has been a final adjudication substantially favorable to the defendant on the merits of the plaintiff's claim. Such an adjudication is equivalent to a determination that the defendant has been wrongfully enjoined. A final judgment for the defendant which does not address the merits of the claim, i.e., dismissal for lack of jurisdiction, gives rise to damages on the injunction bond only if the trial court determines that defendant was actually prohibited by the injunction from doing what he was legally entitled to do.

99 N.C. App. at 50, 392 S.E.2d at 431 (citations and quotation marks omitted).

Furthermore, specifically as to the consideration of wrongful enjoinment after a voluntary dismissal, our Supreme Court determined, in *Blatt Co. v. Southwell*, that despite a voluntary dismissal by the plaintiff, the trial court must consider the reasons for the dismissal in determining whether the defendant was entitled to recovery:

> In an action in which the plaintiff has obtained a temporary restraining order or injunction by giving bond such as that required by G.S. 1-496, (t)he voluntary and unconditional dismissal of the proceedings by the plaintiff is equivalent to a judicial determination that the proceeding for an injunction was wrongful, since thereby the plaintiff is held to have confessed that he was not entitled to the equitable relief sought.
>
> When, however, the dismissal of the action is by an amicable and voluntary agreement of the parties, the same is not a confession by the plaintiff that he had no right to the injunction granted, and does not operate as a judgment to that effect. As stated in *American Gas Mach. Co. v. Voorhees, supra*: A judgment of voluntary dismissal by agreement of the parties of an action in which a restraining order has been issued is not an adjudication that the restraining order was improvidently or erroneously issued.

259 N.C. 468, 472, 130 S.E.2d 859, 862 (1963) (citations and quotation marks omitted).

This case presents a voluntary dismissal by plaintiff, but the dismissal was taken only after there was no longer any need to maintain the case because the covenant not to compete had expired by its own terms. As neither party has cited

North Carolina case law on this precise issue of mootness, we also look to general

principles of law on this issue which have been established in other jurisdictions:

> [T[here is no reason for the court to presume that an interlocutory injunction deprived the defendant of any right. Courts have consistently concluded that a final judgment that a claim has been mooted does not mandate recovery by the defendant; they have held that they must probe the merits of the original claim to determine whether the plaintiff is liable for damages resulting from the injunction. In examining the merits of the mooted claims, however, some courts have held that the defendant can be denied recovery if the plaintiff made a claim in good faith or a claim that presented serious questions. These courts may have deprived defendants of compensation for damages resulting from being unjustly deprived of a right. The defendant's entitlement standard would eliminate the possibility of that injustice, for it would require the court to address the merits before absolving the plaintiff of liability or allowing recovery.

Harvard Law Review Association, Recovery for Wrongful Interlocutory Injunctions

Under Rule 65(c), 99 Harv. L. Rev. 828, 839-40 (1986) (quotation marks and footnotes

omitted). Thus, other courts have also determined that no precise factors, rules, or

specific circumstances will be controlling; rather, we must consider the facts of this

specific case in determining whether the trial court properly concluded that

defendant had not been wrongfully enjoined. *See generally id.* This treatment of

mootness is also consistent with *Industries Innovators, Inc.,* as the trial court must

"determine[] that defendant was actually prohibited by the injunction from doing

what he was legally entitled to do." 99 N.C. App. at 50, 392 S.E.2d at 431.

Turning to the specifics of this case, based primarily upon the employment contract, the trial court determined that the injunction was not wrongfully issued since defendant's actions were in violation of the covenant not to compete in spite of defendant's arguments that the language of the covenant was overbroad:

> The undisputed record in this case establishes that the defendant was employed in a sales-related position by the plaintiff, in the course of which she was privy to and used confidential and proprietary information, about the plaintiff's products and services relating to sales and service. The plaintiff established a legitimate business interest in the protection of that information from a direct competitor, and considered with the fact that defendant left her employment with the plaintiff and took essentially the same position with a direct competitor, the language of the covenant is no broader than necessary to protect that interest.

On appeal, defendant has not challenged any of the findings of fact or conclusions of law but has relied solely upon her argument that the voluntary dismissal by plaintiff *alone* per se entitles her to recover the bond. As defendant misapprehends the law, we reject this argument and conclude that the trial court properly determined that defendant was not "wrongfully enjoined" based upon the employment contract as applied to the facts of this case. Defendant's argument is overruled.

## III.    Conclusion

The trial court properly denied defendant's motion for recovery of the bond. For the foregoing reasons, we affirm.

AFFIRMED.

Judges STEPHENS and DAVIS concur.